HEILBRONNER, Assignee, etc., Respondent, vs. LEVY, Appellant.

*December 1 — December 23, 1885.*

*Supplementary proceedings: Discretion: Appeal.*

The order and scope of the examination of a judgment debtor in a proceeding supplementary to execution are largely in the discretion of the judge or commissioner before whom such examination is being taken; and this court will not interfere and limit such examination unless it clearly appears that there has been an abuse of discretion in requiring the debtor to answer improper interrogatories.

APPEAL from the Circuit Court for *Milwaukee* County. The opinion states the case.

For the appellant there was a brief by *Geo. B. Goodwin,* attorney, and *Frisby & Gilson* and *W. H. Austin,* of counsel, and oral argument by *Mr. Gilson.*

For the respondent there was a brief by *Wallber & Schram,* and oral argument by *Mr. Schram.*

LYON, J.    The plaintiff's assignor, Leopold Wirth, recovered a judgment against the defendant in an action before a justice of the peace, and filed a transcript thereof with the clerk of the circuit court. An execution upon the judgment was thereupon issued out of the latter court, and in due time was returned by the sheriff wholly unsatisfied. Wirth then assigned the judgment to the plaintiff, who in-

stituted a supplementary proceeding before a court commissioner, who issued an order requiring the defendant to appear before him and answer concerning his property. The defendant appeared as required, and made some purely technical objections to the proceeding, which were properly overruled. He was then examined. This examination disclosed that he was the vice-president and superintendent and a director of a manufacturing corporation, and that he owned one share of the capital stock thereof. The following question was propounded to him by the plaintiff: "Do you know whether the company has made a profit or not during the last year?" The interrogatory was objected to. The commissioner overruled the objection, and directed the defendant to answer; but, under the advice of counsel, he refused to do so. Thereupon the commissioner certified the whole matter to the circuit court for its action thereon. The circuit court thereupon made an order (from which the defendant appeals) adjudging him in contempt, and requiring him, under penalty of punishment, to answer the interrogatory which he had refused to answer, and to pay certain specified costs of the proceeding against him. The correct practice in such cases seems to have been pursued, and, if the question propounded to the defendant was a proper one, the order should not be disturbed.

The order and scope of the examination of a judgment debtor in a proceeding supplementary to execution are largely in the discretion of the judge or commissioner before whom such examination is being taken. This is necessarily so, because, if the debtor has concealed property which is sought to be discovered, he is called to testify against his supposed interest, and will always give his testimony reluctantly. Unless a comprehensive and searching examination be allowed, an artful debtor might defeat the discovery sought. To apply to such an examination the strict technical rules governing the examination of a witness

on the trial of a cause, or even the less strict rules applicable to a cross-examination, which it more nearly resembles, would be to impair greatly the efficiency and usefulness of the remedy intended to be given by the proceeding, and, in many cases, to destroy it entirely. Hence this court will not interfere and limit such an examination, unless it is made to appear, very clearly, that there has been an abuse of discretion by the examining officer in requiring the judgment debtor to answer improper interrogatories. *Cleveland v. Burnham,* 60 Wis. 16, and cases cited.

It is sufficient to say that we have here no such case. The question, which the defendant was adjudged to be in contempt for refusing to answer, had a bearing upon the value of the stock owned by the defendant in the manufacturing company, and that was a proper subject of inquiry. True, there may have been a more direct way of ascertaining such value, but we cannot say the commissioner abused his discretion by allowing the judgment creditor to resort in the first instance to indirect proof of the fact. There may have been circumstances within the observation of the commissioner which rendered this course of examination eminently proper. We find nothing in the record which calls for the interference of this court.

*By the Court.*— Order affirmed.