CROWN CASTLE USA, INC., Crown Castle Atlantic, LLC and Crown Castle GT Company, LLC, Plaintiffs-Respondents,

v.

ORION CONSTRUCTION GROUP, LLC, Defendant,

ORION LOGISTICS, LLC, Appellant-Petitioner.

Supreme Court

*No. 2009AP3029. Oral argument October 7, 2011. —Decided March 22, 2012.*

2012 WI 29

(Also reported in 811 N.W.2d 332.)

254

For the appellant-petitioner there was a brief filed by *Charles D. Koehler, Michael C. Menghini* and *Herrling Clark Law Firm, LTD.*, Appleton and oral argument by *Nicholas Andrew Wagener, Bollenbeck, Wagener, Spaude & Fyfe, S.C.*, Appleton.

For the plaintiffs-respondents there was a brief (in the court of appeals) by *Eric M. McLeod, Nathan Moenck* and *Michael Best & Friedrich, LLP.*, Madison and oral argument by *Nathan Moenck*.

¶ 1. MICHAEL J. GABLEMAN, J. We review a published decision of the court of appeals[1] affirming an order of the Outagamie County Circuit Court, Dee R. Dyer, Judge. On the *motion* of Crown Castle USA, Inc., Crown Castle Atlantic, LLC, and Crown Castle GT Company, LLC, (collectively, "Crown Castle"), the circuit court ordered Orion Logistics, LLC ("Orion Logistics"), a non-judgment debtor third party,[2] to testify at a supplemental proceeding.

¶ 2. The question before us is whether Orion Logistics may be compelled to testify at a supplemental proceeding under Wisconsin Statutes section 816.06 (2007–08)[3] when it is not a judgment debtor.

---

[1] *Crown Castle USA, Inc. v. Orion Constr. Grp., LLC*, 2011 WI App 9, 331 Wis. 2d 74, 794 N.W.2d 272.

[2] We use the phrase "non-judgment debtor third party" throughout to refer to an individual or entity that is not a party to the underlying action that produced the judgment, is not the judgment debtor or an individual who may be compelled to testify on behalf of a judgment debtor corporation, and has no corporate affiliation with the judgment debtor.

[3] All subsequent references to the Wisconsin Statutes are to the 2007–08 version unless otherwise indicated.

256

¶ 3.   We conclude that Wis. Stat. § 816.06 does not grant a judgment creditor the right to compel a non-judgment debtor third party to testify at supplemental proceedings. We base our conclusion on the language of the statute, on its context and statutory history, and on our prior holdings. Because Crown Castle had no right, under § 816.06, to compel Orion Logistics to testify at a supplemental proceeding, we reverse the court of appeals decision and remand the cause to the circuit court for further proceedings.

## I. BACKGROUND

¶ 4.   Orion Construction Group, LLC was a Wisconsin limited liability corporation that ceased operations in 2006. Its principal business was the construction of cellular telephone towers, and its sole member[4] was Douglas Larson ("Larson"). Orion Logistics, LLC is a Wisconsin limited liability corporation. Its principal business is the construction of wind turbines, and its sole member is also Larson. Orion Construction and Orion Logistics are entirely separate corporations. The record reflects only one commonality between Orion Construction and Orion Logistics: a common owner, Larson. In the course of its business operations, Orion Construction incurred a $480,231.50 liability, payable to Crown Castle.[5]

---

[4] "Member" is defined by Wis. Stat. § 183.0102(15) as "a person who has been admitted to membership in a limited liability company . . . ." A person is "admitted to membership in a limited liability company" when he or she "acquir[es] a limited liability company interest . . . ." § 183.0801(2).

[5] Orion Construction incurred this $480,231.50 liability, payable to Crown Castle, in the course of its business operations. Orion Construction states in its briefs that it contests the

## II.  PROCEDURAL HISTORY

### A.  THE PENNSYLVANIA JUDGMENT

¶ 5.  Crown Castle commenced an action against Orion Construction in the Court of Common Pleas of Allegheny County, Pennsylvania, seeking monetary damages to satisfy an account receivable[6] of $480,231.50. That court entered default judgment against Orion Construction and in favor of Crown Castle for $496,239.17.[7] Orion Construction did not contest the default judgment because it was winding up[8] its business operations.

### B.  THE WISCONSIN PROCEEDINGS

¶ 6.  Crown Castle filed its foreign judgment in the office of the Clerk of Court for Outagamie County pursuant to Wis. Stat. § 806.24.[9] Notice of the entry of the judgment was provided to Orion Construction.

validity of this debt, but the validity of the debt is not properly before the court. Therefore, we assume the debt to be valid in the absence of facts in the record to the contrary.

[6] An "account receivable" is "[a]n account reflecting a balance owed by a debtor; a debt owed by a customer to an enterprise for goods or services." *Black's Law Dictionary* 19 (9th ed. 2009).

[7] The judgment was comprised of $480,231.50 in damages and $16,007.67 in statutory interest, totaling $496,239.17.

[8] *Black's* defines "winding up" as "[t]he process of settling accounts and liquidating assets in anticipation of . . . a corporation's dissolution." *Black's Law Dictionary* 1738 (9th ed. 2009).

[9] Wis. Stat. § 806.24(2) states, in relevant part: "A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of circuit court of any county of this state."

Outagamie County Court Commissioner Mary F. Coughlin ("Commissioner") ordered Orion Construction to appear for a supplemental proceeding pursuant to § 816.03(1)(b).[10] The Commissioner's order required Orion Construction to supply Crown Castle with Orion Construction's "tax records for the years 2005, 2006, and 2007, and copies of all books, records[,] and documents pertaining to the company's assets, financial affairs[,] and transactions . . . ."

¶ 7. Orion Construction responded to the Commissioner's order by providing Larson's personal tax returns from 2005, 2006, and 2007, and an accounting spreadsheet showing an account receivable from Crown Castle in the amount of $210,831. Orion Construction also provided records indicating that it had no assets (other than the $210,831 account receivable and less than $500 dollars in a business banking account), and no outstanding liabilities.

¶ 8. Crown Castle, dissatisfied with the information Orion Construction provided, moved the circuit court to expand the scope of supplemental examination to "copies of all books, records, and documents that pertain to the assets, financial affairs, and transactions for each and every business entity in which [Larson]

---

[10] Wis. Stat. § 816.03(1)(b) states: "A supplemental court commissioner upon application of a judgment creditor shall order any judgment debtor to appear before the supplemental court commissioner and answer concerning the judgment debtor's property at a time and place specified in the order . . . ."

*Black's* defines "supplementary proceeding" as "[a] proceeding held in connection with the enforcement of a judgment, for the purpose of identifying and locating the debtor's assets available to satisfy the judgment." *Black's Law Dictionary* 1324 (9th ed. 2009); *see* 6 Jay E. Grenig, *Wisconsin Pleading and Practice* § 44:83 (5th ed. 2010).

259

has any interest." The requested order was issued and subjected Orion Logistics to supplemental examination by the Commissioner pursuant to Wis. Stat. §§ 816.03 and 816.06.[11]

## C. THE COURT OF APPEALS DECISION

¶ 9.   Orion Logistics appealed the circuit court's order subjecting it to supplemental examination. In a published decision, the court of appeals affirmed the circuit court. *Crown Castle USA, Inc. v. Orion Constr. Grp., LLC,* 2011 WI App 9, 331 Wis. 2d 74, 794 N.W.2d 272. The court of appeals considered a single issue: whether Wis. Stat. § 816.06 grants a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding.

¶ 10.   The court of appeals determined, based on its prior holding in *Courtyard Condo. Ass'n v. Draper,* 2001 WI App 115, 244 Wis. 2d 153, 629 N.W.2d 38, that Wis. Stat. § 816.03 and § 816.06 are ambiguous. *Crown Castle,* 331 Wis. 2d 74, ¶ 10.[12] In resolving this perceived ambiguity, it concluded that § 816.06 grants a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding. *Id.,* ¶ 12.

¶ 11.   The court of appeals supported its conclusion with the proposition that "[p]roperty transfers between a judgment debtor and related business enti-

---

[11] Wis. Stat. § 816.06 states: "At the hearing upon such order or warrant such judgment debtor may be examined on oath and testimony on the part of either party may be offered."

[12] The court of appeals wrote that "§ 816.03 and § 816.16 remain ambiguous." Given the fact that "§ 816.16" is not contained in Wis. Stat. ch. 816, we understand the court of appeals to have determined that § 816.03 and § 816.06 are ambiguous.

260

ties present the . . . risk of fraud . . . ." *Id.,* ¶ 12. There-fore, the court of appeals ultimately concluded that court-ordered examination of non-judgment debtor third parties provides the only avenue for the judgment creditor to protect itself against fraud. *Id.,* ¶ 12. Orion Logistics then sought review before this court.

## III. STANDARD OF REVIEW

■■

¶ 12.  This case requires us to construe the supple-mentary proceeding statutes found in Wis. Stat. ch. 816. The interpretation of a statute is a question of law that we review de novo. *Hocking v. City of Dodgeville,* 2010 WI 59, ¶ 17, 326 Wis. 2d 155, 785 N.W.2d 398. We interpret statutes independently, but benefit from both our prior analyses and that of the lower courts. *State v. Henley,* 2010 WI 97, ¶ 29, 328 Wis. 2d 544, 787 N.W.2d 350, *cert. denied,* __ U.S. __, 132 S. Ct. 784 (2011).

## IV. STATUTORY INTERPRETATION

■■■■

¶ 13.  When interpreting a statute, "we begin with the language of the statute, because it is the language that expresses the legislature's intent." *Hocking,* 326 Wis. 2d 155, ¶ 18 (citing *State ex rel. Kalal v. Circuit Court for Dane Cnty.,* 2004 WI 58, ¶¶ 44–45, 271 Wis. 2d 633, 681 N.W.2d 110). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Kalal,* 271 Wis. 2d 633, ¶ 45. We attempt to give reasonable effect to every word, avoiding both surplusage and absurd or unreasonable results. *Id.,* ¶ 46; *see also Hocking,* 326 Wis. 2d 155, ¶ 18.

¶ 14.   In addition to the language of the statute, "scope, context, and purpose are perfectly relevant to a plain-meaning interpretation of an unambiguous statute." *Kalal*, 271 Wis. 2d 633, ¶ 48. So too is statutory history. *Richards v. Badger Mut. Ins. Co.*, 2008 WI 52, ¶ 22, 309 Wis. 2d 541, 749 N.W.2d 581 ("A review of statutory history is part of a plain meaning analysis."); *see also Heritage Farms, Inc. v. Markel Ins. Co.*, 2009 WI 27, ¶ 22, 316 Wis. 2d 47, 762 N.W.2d 652 ("By analyzing the changes the legislature has made over the course of several years, we may be assisted in arriving at the meaning of a statute.") (citation omitted). Accordingly, we examine the language, context, and history of the statute here while undertaking our plain meaning analysis.

## V. DISCUSSION

¶ 15.   This case requires us to interpret Wis. Stat. § 816.06, Wisconsin's supplemental proceeding statute, in order to determine whether it grants a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding. Originally codified in 1856, Wisconsin's supplemental proceeding legislation replaced the creditor's bill,[13] the common law proceeding that allowed a judgment creditor to enforce a judgment.[14] *Clark v. Bergenthal*, 52 Wis.

---

[13] A "creditor's bill" is "[a]n equitable suit in which a judgment creditor seeks to reach property that cannot be reached by the process available to enforce a judgment." *Black's Law Dictionary* 426 (9th ed. 2009).

[14] *See In re Remington,* 7 Wis. 541 (*643), 547 (*649) (1858) ("It is very evident from an examination of the code—and it was

103, 107, 8 N.W. 865 (1881). Because the supplemental proceedings statute provided a new right to judgment creditors that did not exist at common law, it is a statutory right.[15] *Holton v. Burton,* 78 Wis. 321, 328, 47 N.W. 624 (1890) ("[T]he right to institute and carry on supplementary proceedings is a mere statutory right, and may be taken away or modified at the pleasure of the legislature."); *see also Clark,* 52 Wis. at 107.

¶ 16.   Statutory rights—like those at issue in this case—are rights granted by the legislature, not the United States or Wisconsin constitutions. *See State ex rel. R. v. Schmidt,* 63 Wis. 2d 82, 89, 216 N.W.2d 18 (1974); *cf. Harvot v. Solo Cup Co.,* 2009 WI 85, ¶ 50, 320 Wis. 2d 1, 768 N.W.2d 176. Because there is no constitutional guarantee to a statutory right, "it is for the legislature, not the courts, to prescribe" the scope of the right. *Schmidt,* 63 Wis. 2d at 89; *see Harvot,* 320 Wis. 2d

so conceded on the argument of this case—that the remedy given by this provision, and other sections following in the same chapter, was intended as a substitute for a creditor's bill . . . ."); *Graham v. La Crosse & Milwaukee R.R. Co.,* 10 Wis. 403 (*459), 406 (*462) (1860) ("[T]he proceedings supplemental to execution, established by the code, are a substitute therefor, and constitute the only manner of obtaining the relief formerly had under a creditor's bill."); *Seymour v. Briggs,* 11 Wis. 204 (*196), 213 (*204) (1860) ("[T]he remedy by creditor's bill was abrogated by the code, and that the proceedings supplementary to an execution provided by that enactment, were intended as a substitute therefor."); *Second Ward Bank v. Upmann,* 12 Wis. 555 (*499), 561–562 (*504–05) (1860) (holding that the statutes abrogated the common law).

[15] In Wisconsin, supplemental proceedings are a creature of statute, not of the common law. *Clark v. Bergenthal,* 52 Wis. 103, 107, 8 N.W. 865 (1881); *see* 6 Jay E. Grenig, *Wisconsin Pleading and Practice* § 44:83 (5th ed. 2010).

1, ¶ 50; *In re Ogg's Estate,* 262 Wis. 181, 186, 54 N.W.2d 175 (1952); *Relyea v. Tomahawk Paper & Pulp Co.,* 102 Wis. 301, 304, 78 N.W. 412 (1899) ("[M]ere statutory rights may be conferred upon such conditions as in the wisdom of the legislature may seem best, and the conditions may be changed from time to time, even as to existing rights, or such rights may be taken away entirely, at the legislative will."). Therefore, we recognize statutory rights only where the legislature has, through the legislative process, specifically acted to create them. *In re Fidelity Assurance Ass'n,* 247 Wis. 619, 624, 20 N.W.2d 638 (1945) (holding that a statutory right is "a creature of the legislature, and does not exist where the legislature has not acted").

¶ 17.   When interpreting statutory rights, we have previously declined to undertake "[a]d hoc judicial discovery of implied statutory rights," because such an approach would impinge on the purview of the legislature and "would not yield a meaningful legal test that could carry over from case to case." *Harvot,* 320 Wis. 2d 1, ¶ 50 ("[D]iscover[ing] an implied statutory right . . . where the legislature has not prescribed such a right and where the constitution does not afford such a right would open a can of worms."). Therefore, "this court will not legislatively engraft a judicially conceived . . . right" onto a statute. *Schmidt,* 63 Wis. 2d at 89.

¶ 18.   Accordingly, our analysis of Wisconsin's supplemental proceeding statute is now, as it has been since 1856, focused exclusively on the statute that provides creditors the statutory right to supplemental proceedings. In interpreting Wis. Stat. § 816.06, we confine ourselves to its language, context, and statutory history to determine the scope of the statutory right that Wis. Stat. § 816.06 confers. Considering each facet

of this plain meaning analysis in turn, we conclude that § 816.06 does not grant a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding.

## A. THE LANGUAGE OF WIS. STAT. § 816.06 DOES NOT GRANT A JUDGMENT CREDITOR THE RIGHT TO COMPEL A NON-JUDGMENT DEBTOR THIRD PARTY TO TESTIFY AT A SUPPLEMENTAL PROCEEDING

¶ 19.   The question before us is whether a judgment creditor has the right to compel a non-judgment debtor third party to testify at a supplemental proceeding. That question requires us to evaluate the only section of the supplemental proceeding statute, ch. 816, that explains the procedure for the examination of parties and witnesses. The language of this section, Wis. Stat. § 816.06, states that testimony may be offered on behalf of either party at a supplemental proceeding. Specifically, it provides:

> **Examination of debtor and witnesses.** At the hearing upon such order or warrant such judgment debtor may be examined on oath and testimony on the part of either party may be offered.

Wis. Stat. § 816.06. It is clear that the only compelled testimony expressly authorized by this provision is that of the judgment debtor. No language in § 816.06 expands that authority to include the compelled testimony of a non-judgment debtor third party. Indeed, no mention whatsoever is made of such a party.

¶ 20.   The circuit court determined that Larson could be called to testify about not only Orion Construc-

265

tion, but also Orion Logistics. The circuit court relied on the fact that Larson owned both Orion Construction and Orion Logistics in making its decision to compel Orion Logistics to testify at the supplemental proceeding. However, this reliance was not grounded in a sound interpretation of Wis. Stat. § 816.06. In particular, it disregarded our admonition that "a corporation is treated as an entity separate from its shareholders and that separateness is not to be lightly disregarded." *Rasmussen v. GMC,* 2011 WI 52, ¶ 25, 335 Wis. 2d 1, 803 N.W.2d 623 (citing *Consumer's Co-op v. Olsen,* 142 Wis. 2d 465, 474, 419 N.W.2d 211 (1988)).

¶ 21. We acknowledge that Wis. Stat. § 816.06 must allow testimony by at least some individuals who are not named parties. If the statute allowed for testimony by only the parties to the action, an absurd result would follow: corporations would be permitted to testify but would then find it impossible to do so. Section 816.03(1)(a) permits a judgment creditor to compel corporations to testify. However, because corporations are legal fictions, *Milwaukee Toy Co. v. Indus. Comm'n of Wisconsin,* 203 Wis. 493, 495, 234 N.W. 748 (1931), they are incapable of testifying except through their officers and agents. *See Nekoosa-Edwards Paper Co. v. News Pub. Co.,* 174 Wis. 107, 119, 182 N.W. 919 (1921) ("A corporation can act only through its officers and agents."); *see also Wilson v. United States,* 221 U.S. 361, 377 (1911) ("As the corporation can only act through its agents, the courts will operate upon the agents through the corporation.") (citation omitted). Consequently, some individual must testify on behalf of the corporation. *Nekoosa-Edwards Paper Co.,* 174 Wis. at 119. Therefore, if we were to interpret § 816.06 to preclude testimony by anyone other than the parties to the

266

underlying action, a corporation could never "appear" at a supplemental proceeding, despite § 816.03(1)(b) expressly authorizing them to do so. Such an interpretation would create internal incoherence in ch. 816, thereby undermining the efficacy of the chapter.

¶ 22. We must interpret Wis. Stat. § 816.06 to allow for at least some testimony by individuals who are not named parties because failure to do so would undermine the efficacy of § 816 where the judgment debtor is a corporation. Clearly, a judgment debtor corporation cannot merely decline to provide testimony simply because it is a corporation. *See* § 816.03(1)(a). Instead, it must give testimony the only way it can: through some representative of the corporation. *Cf. Nekoosa-Edwards Paper Co.,* 174 Wis. at 119. Supplemental proceedings are designed to provide full discovery of that property belonging to the judgment debtor that could be used to satisfy the judgment. *Courtyard,* 244 Wis. 2d 153, ¶ 12. Therefore, the judgment creditor must be able to compel testimony from individuals who, because of their relationship *to the judgment debtor corporation,* have information relevant to the judgment debtor's property that could satisfy the judgment.

¶ 23. These individuals may include corporate officers, employees, former employees, and similarly situated individuals who have information relevant to the judgment debtor corporation's assets. The scope of testimony these individuals may provide, however, is limited to that information relevant to the judgment debtor corporation, that is, the actual entity that is subject to the supplemental proceeding. Accordingly, we conclude that because ch. 816 states that corporations may be judgment debtors, the language of § 816.06 allows for compelled testimony from some individuals who are not named parties to the action.

¶ 24. That does not mean, however, that Wis. Stat. § 816.06 necessarily allows for a judgment creditor to compel the testimony of a non-judgment debtor third party at a supplemental proceeding. No language in Wis. Stat. § 816.06 grants this right to the judgment creditor. Therefore, to accept Crown Castle's argument, we would have to conclude that even though the statute is silent, it nonetheless confers a right on the judgment creditor to compel testimony from non-judgment debtor third parties.

¶ 25. We cannot interpret the silence of the statute to create a statutory right. Instead, we conclude that § 816.06 does not grant judgment creditors the right to compel the testimony of a non-judgment debtor third party at a supplemental proceeding. This is so because courts are not entitled to grant or expand statutory rights based solely on a statute's silence. *See Harvot,* 320 Wis. 2d 1, ¶ 50 (holding that the courts should not undertake "[a]d hoc judicial discovery of implied statutory rights"); *Relyea,* 102 Wis. at 303–04 (holding that statutory rights "are entirely the subject of legislative discretion," not judicial discretion). Therefore, because § 816.06 confers a statutory right to examine witnesses, but does not confer as a part of that right the power to compel their testimony, we decline to infer from the statute's silence that it grants a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding. Were we to do so, we would legislatively create a right where the legislature chose to remain silent.[16]

[16] Crown Castle offers an alternative to our interpretation of the statute. It argues that the final phrase of Wis. Stat. § 816.06, "testimony on the part of either party may be offered,"

¶ 26. Accordingly, we conclude that the language of Wis. Stat. § 816.06 does not grant a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding.

### B. THE CONTEXT OF WIS. STAT. § 816.06 CONFIRMS OUR CONCLUSION THAT IT DOES NOT GRANT A JUDGMENT CREDITOR THE RIGHT TO COMPEL A NON-JUDGMENT DEBTOR THIRD PARTY TO TESTIFY AT A SUPPLEMENTAL PROCEEDING

¶ 27. Although the plain meaning of a statutory provision may be clear in isolation, we nonetheless review the provision in the context of surrounding provisions to ascertain its full meaning. Therefore, we next evaluate Wis. Stat. § 816.06 in the context of ch. 816.

¶ 28. The only provision of Wis. Stat. ch. 816 other than § 816.06 that mentions testimony on behalf of the parties at a supplemental proceeding is § 816.11. Section 816.11 states:

> **Costs, fees.** The court or judge may allow to the judgment creditor or to any party so examined, whether

when viewed in conjunction with the heading "[e]xamination of debtor and witnesses," grants a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding. However, we are not bound by the content of statutory headings. *See* Wis. Stat. § 990.001(6) ("The titles to subchapters, sections, subsections, paragraphs and subdivisions of the statutes and history notes are not part of the statutes."); *Blum v. 1st Auto & Cas. Ins. Co.*, 2010 WI 78, ¶ 21 n.3, 326 Wis. 2d 729, 786 N.W.2d 78 ("In statutory construction, the title or heading of a statute is not part of the statute itself.").

269

a party to the action or not, witness' fees and disbursements and a fixed sum, in addition, not exceeding $25, as costs, and require their payment by order.

Like § 816.06, § 816.11 contains no language that would grant a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding.

¶ 29.    The language of § 816.11 is in harmony with our reading of § 816.06. As the language of § 816.11 indicates, both the judgment debtor and the judgment creditor have the opportunity to provide testimony in their favor through witnesses. This corresponds with our interpretation of § 816.06, which explicitly states that "testimony on the part of either party *may* be offered." (emphasis added). Again, though, the ability of a party to offer testimony in no way implies the power to *compel* it.

¶ 30.    Therefore, we conclude Wis. Stat. § 816.11 offers no language that conflicts with, controverts, or compels a different interpretation of the language of § 816.06 than the one we reached. Simply put, neither the language of § 816.11 nor that of § 816.06, nor any other part of ch. 816, supports Crown Castle's assertion that § 816.06 grants a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding.

¶ 31.    Accordingly, we conclude that Wis. Stat. § 816.06, even when viewed in conjunction with § 816.11, does not grant a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding.

## C. THE STATUTORY HISTORY OF CH. 816 CONFIRMS OUR CONCLUSION THAT WIS. STAT. § 816.06 DOES NOT GRANT A JUDGMENT CREDITOR THE RIGHT TO COMPEL A NON-JUDGMENT DEBTOR THIRD PARTY TO TESTIFY AT A SUPPLEMENTAL PROCEEDING

¶ 32.   We turn next to the statutory history of ch. 816, and determine that prior versions support our construction of the language and context of § 816.06.

### 1. PRE-1935 SUPPLEMENTAL PROCEEDINGS

¶ 33.   The statutory provisions that eventually became chapter 816 first appeared in Wisconsin in an 1856 statute. That statute, Wis. Stat. ch. 120, § 202 (1856), was "adopted with the intent to substitute supplementary proceedings for the relief formerly obtainable in equity by a creditor's bill."[17] This enactment granted a judgment creditor the right to compel a "judgment debtor to appear and answer concerning his property before [a] judge," and stated that "either party may examine witnesses on his behalf, and the judgment debtor may be examined in the same manner as a witness." Another section of the 1856 statute, Wis. Stat. ch. 120, § 206 (1856), authorized the circuit court to *require* witnesses to "appear and testify . . . in the same manner as upon a trial of an issue."

---

[17] Robert S. Moss, *Supplementary Proceedings in Wisconsin,* 23 Marq. L. Rev. 49, 49 (1939) (citing *Remington,* 7 Wis. at 547 (*649); *Graham,* 10 Wis. at 406 (*462); *Seymour,* 11 Wis. at 213 (*204); *Clark,* 52 Wis. at 107.

## 2. THE 1935 REVISIONS

¶ 34. With minor revisions, the sections in the supplemental proceeding statute relating to the examination of witnesses remained the same until 1935.[18] In that year, the Wisconsin legislature significantly amended the supplementary proceeding statutes. *See* § 271, ch. 541, Laws of 1935.

¶ 35. This amendment specifically deleted the prior language stating that "witnesses may be *required* to appear and testify on the part of either party in the same manner as upon the trial of an issue." § 271, ch. 541, Laws of 1935; Wis. Stat. § 273.06 (1933) (emphasis added).[19] In removing this language, the legislature removed the only provision from the supplemental proceeding statutes that granted a judgment creditor the right to compel a non-judgment debtor third party

[18] Portions of the common law creditor's bill that allowed the judgment creditor to proceed against any individual in a supplemental proceeding were added in the 1860 version of the Wisconsin statute. Wis. Stat. ch. 303, § 3029 (1860). These provisions were repealed in 1878 by Wis. Stat. ch. 131, § 3030 (1878), and are not relevant to our examination of the statutory history of Wis. Stat. § 816.06 (2007–08).

By 1935, the legislature had renumbered the Wisconsin statutes so that all of the provisions relating to supplemental proceedings were contained in Wis. Stat. ch. 273. *See* § 1, ch. 4, Laws of 1925 (renumbering the Wisconsin Statutes). In 1973, the legislature once again renumbered the statutes. *See* Ch. 189, Laws of 1973 (renumbering the Wisconsin Statutes). Thereby, the supplementary proceedings chapter was once again renumbered, this time from chapter 273 to chapter 816, the number it retains today. *See* Wis. Stat. ch. 816 (2007–08).

[19] *Compare* Wis. Stat. § 273.06 (1933) *with* Wis. Stat. § 273.06 (1935). Section 271, ch. 541, Laws of 1935 removed a significant amount of additional language from Wis. Stat. § 273.06 (1933), none of which is relevant to our analysis.

to testify at a supplemental proceeding. *See* § 271, ch. 541, Laws of 1935; *see also* Wis. Stat. § 273.06 (1935).

¶ 36. The language that remained after the legislature amended Wis. Stat. § 273.06 (1933) is identical to the language contained in § 816.06 (2007–08). *See* Wis. Stat. § 273.06 (1935).[20] Therefore, since 1935, Wisconsin's supplemental proceeding law has been bereft of any language that would grant a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding.

### 3. THE RESULT OF THE 1935 REVISIONS

¶ 37. We conclude that the legislature has deliberately removed the statutory right of judgment creditors to compel a non-judgment debtor third party to testify at a supplemental proceeding. As a general matter, courts may not find a statutory right in legislative silence alone. *See Harvot,* 320 Wis. 2d 1, ¶ 50, (holding that the courts should not undertake "[a]d hoc judicial discovery of implied statutory rights"). This is so because statutory rights "are entirely the subject of legislative discretion," not judicial discretion. *Relyea,* 102 Wis. at 303–04. In light of this well-established law, we cannot sustain the right claimed by Crown Castle. Indeed, we are especially reluctant to detect a right where the pertinent statute is not only silent on the issue, but where the legislature has in fact expressly removed the precise right the court is

---

[20] The legislature amended Wis. Stat. § 273.06 to read: "At the hearing upon such order or warrant such judgment debtor may be examined on oath and testimony on the part of either party may be offered." § 271, ch. 541, Laws of 1935; *see* Wis. Stat. § 273.06 (1935). *Compare* Wis. Stat. § 273.06 (1935) *with* Wis. Stat. § 816.06 (2007–08).

asked to grant. Clearly, the legislature could have continued to grant power to courts to compel third party witnesses to testify in supplemental proceedings, but it specifically chose to remove that power. Thus, if we were to confirm the existence of the right in question, we would be effectively writing back into the statute language the legislature expressly removed. This we may not do. *See Schmidt,* 63 Wis. 2d at 89; *see also C. Coakley Relocation Sys., Inc. v. City of Milwaukee,* 2008 WI 68, ¶ 24, 310 Wis. 2d 456, 750 N.W.2d 900 (declining to insert a word into a "plainly worded and easily understood statute").

¶ 38. Accordingly, we conclude that the plain meaning of Wis. Stat. § 816.06 is clear: the language, context, and statutory history of Wis. Stat. § 816.06 demonstrate that a judgment creditor does not have the right to compel a non-judgment debtor third party to testify at a supplemental proceeding.

D.   OUR HOLDING THAT WIS. STAT. § 816.06
DOES NOT GRANT A JUDGMENT CREDITOR
THE RIGHT TO COMPEL A NON-JUDGMENT
DEBTOR THIRD PARTY TO TESTIFY
AT A SUPPLEMENTAL PROCEEDING IS
IN HARMONY WITH OUR PRIOR HOLDINGS

¶ 39.   Turning from the plain meaning analysis of Wis. Stat. § 816.06, we review prior Wisconsin cases regarding supplemental proceedings. Few cases have addressed supplemental proceedings at all, much less the precise question presented by this case. However, a review of the limited prior jurisprudence on supplemental proceedings in Wisconsin reveals that it is all in harmony with our holding that the judgment creditor has no right to compel a non-judgment debtor third

party to testify at a supplemental proceeding. We now review the two cases that form the basis of the jurisprudence in this area.

## 1. *HEILBRONNER*

¶ 40. We first review our prior holding in *Heilbronner v. Levy,* 64 Wis. 636, 26 N.W. 113 (1885). While the facts of *Heilbronner* are distinct from the facts of the present case, it was one of our first cases to address issues relating to individuals examined at supplemental proceedings. In *Heilbronner,* the judgment debtor and named defendant was an individual, not a corporation. *Id.* The single issue in the case was whether a judgment debtor could be compelled to testify about the profitability of a corporation of which he was part owner.[21] *Heilbronner,* 64 Wis. at 636. The testimony the judgment creditor wished to compel was highly relevant to the financial condition of the judgment debtor, because the profitability of the corporation would have a direct effect on the value of his ownership rights. Brief of Appellant at 5, *Heilbronner,* 64 Wis. 636.

¶ 41. Unlike the present case, the judgment creditor in *Heilbronner* did not seek to compel the testimony

---

[21] This question was part of a larger string of questions that related to the judgment debtor's monetary involvement with the corporation. The precise question the judgment debtor refused to answer was: "Do you know whether the company has made a profit, or not, in the last year?" Brief of Appellant at 5, *Heilbronner v. Levy,* 64 Wis. 636, 26 N.W. 113 (1885). The commissioner immediately overruled an objection by the judgment debtor's counsel, ruling that "the object and effect of the question and answer is to ascertain and determine the value of this share and the amount of any dividends accumulated." *Id.* Because the question related to the value of the judgment debtor's assets, the commissioner concluded that it was "a proper one." *Id.*

of a third party at the supplemental proceeding incident to that case. As the respondent's brief indicates, the point of questioning the judgment debtor was to determine the value of *his* property, not to undertake an examination of the corporation. Brief of Respondent at 6, *Heilbronner,* 64 Wis. 636.

¶ 42.   Crown Castle suggests that we should interpret the *Heilbronner* opinion to allow a court to compel a non-judgment debtor third party to testify at a supplemental proceeding. Crown Castle relies upon the single statement that "[u]nless a comprehensive and searching examination be allowed, an artful debtor might defeat the discovery sought" to support its assertion. *Heilbronner,* 64 Wis. at 637. While we agree with the *Heilbronner* court that supplemental proceedings should entail a comprehensive and searching examination of the *judgment debtor,* we cannot agree with Crown Castle that this "comprehensive and searching" examination should extend to non-judgment debtor third parties. To do so would take the language in *Heilbronner* out of context and apply it to a very different fact situation.[22]

¶ 43.   The issue in *Heilbronner* was the scope of examination to which a *judgment debtor* may be subjected, not whether a judgment creditor has the right to compel a *non-judgment debtor third party* to testify at a supplemental proceeding. Therefore, *Heilbronner's* applicability is limited to questions relating to the scope of

---

[22] Commentators have questioned the scope of *Heilbronner's* holding. *See* Robert Pasch, *Wisconsin Collection Law* § 16:4 (2d ed. 2006) (stating that *Heilbronner's* holding is unclear). However, they have also recognized that no case has provided a clear statement supporting the assertion that § 816.06 grants a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding. *See, e.g., id.*

examination of the judgment debtor; the decision says nothing about who may be compelled to testify at a supplemental proceeding.[23]

¶ 44.  Accordingly, we conclude that *Heilbronner* does not allow a judgment creditor to compel the examination of a non-judgment debtor third party at a supplemental proceeding.

## 2. *COURTYARD*

¶ 45.  The only published Wisconsin case that has previously interpreted the current version of Wis. Stat. § 816.06 is *Courtyard*. In that case, the court of appeals addressed whether the spouse of a judgment debtor could be compelled to testify at a supplemental proceeding. *Id.,* ¶ 1. The court of appeals' analysis relied on the interplay between § 816.06 and § 803.045(3),[24] and it ultimately concluded that § 816.06 is ambiguous when viewed in juxtaposition with § 803.045(3) and

---

[23] It is worth noting that *Heilbronner* was decided under a different statutory scheme that would have allowed the judgment creditor to compel a non-judgment debtor third party to testify at a supplemental proceeding. Wis. Stat. ch. 131, § 3030 (1883). As such, even if *Heilbronner* had stated that third parties could be compelled to testify, it would not change our analysis, because the statutory scheme has since changed. *See* Wis. Stat. § 816.06 (2007–08). Regardless, *Heilbronner* addressed neither the supplementary proceeding statute, nor whether a judgment creditor may compel a non-judgment debtor third party to testify at a supplemental proceeding, and it therefore has no bearing on this case.

[24] Wis. Stat. § 803.045(3) specifically relates to the satisfaction of spousal obligations. It states: "After obtaining a judgment, a creditor may proceed against either or both spouses to reach marital property available for satisfaction of the judgment." *Id.*

§ 765.55.[25] *Courtyard*, 244 Wis. 2d 153, ¶¶ 11, 12. To "harmonize" these statutes and "to give each full force and effect," the court of appeals held that a court may compel the spouse of a judgment debtor to testify at a supplemental proceeding. *Id.*, ¶¶ 13, 16.

¶ 46. The court of appeals holding was particularly narrow. It stated:

> Where, as in this case, the judgment debtor pleads ignorance when asked *about marital property* during a supplementary examination, the right of the judgment creditor to satisfy a judgment from marital property would be frustrated if the creditor could not examine the spouse. Without examining the spouse of the judgment debtor, the judgment creditor would lack the information needed to proceed against the spouse under Wis. Stat. § 803.045 to *reach marital property*.

*Id.*, ¶ 15 (emphasis added).

¶ 47. Yet Crown Castle argues *Courtyard*'s holding is broad, and applies to more than marital property. It argues that *Courtyard* sets forth a general rule that § 816.06 grants a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding. We disagree. Crown Castle's interpretation strains the language of *Courtyard*. In that decision, the court of appeals clearly distinguished

---

[25] Wis. Stat. § 765.55 states, in relevant part:

An obligation incurred by a spouse during marriage, including one attributable to an act or omission during marriage, is presumed to be incurred in the interest of the marriage or the family. . . . An obligation incurred by a spouse in the interest of the marriage or the family may be satisfied only from all marital property and all other property of the incurring spouse.

§ 765.55(1) & (2)(b). This statutory provision is part of Wisconsin's Marital Property Act. *See generally* Palma Maria Forte, Comment, *The Wisconsin Marital Property Act: Sections in Need of Reform,* 79 Marq. L. Rev. 859 (1996).

cases that involve marital property from cases that involve all other types of property.[26] Therefore, the holding. At no point did the court of appeals determine that § 816.06, standing alone, grants a judgment creditor the right to decision applies only where the judgment creditor seeks to satisfy its judgment out of marital property.[27]

¶ 48. Accordingly, we conclude that in correctly deciding *Courtyard,* the court of appeals created a narrow rule to harmonize two statutes that were otherwise in conflict, but did not create a general rule that § 816.06 grants a judgment creditor the right to compel a non-judgment debtor third party to testify at a supplemental proceeding.[28]

---

[26] The plaintiff-appellant in *Courtyard* did not even attempt to brief an argument that § 816.06 grants a judgment creditor the right to compel testimony from *any* non-judgment debtor third party at a supplemental proceeding. Brief of Plaintiff-Appellant at 11, *Courtyard Condo. Ass'n v. Draper,* 2001 WI App 115, 244 Wis. 2d 153, 629 N.W.2d 38 (No. 00–1817). Instead, it focused on the narrow issue before the court, conceding that *Courtyard* presented a conflict between § 816.06 and § 803.045(3), not an opportunity to expand the scope of § 816.06. *See* Brief of Plaintiff-Appellant at 11, *Courtyard,* 244 Wis. 2d 153 (No. 00–1817).

The fact that the court of appeals focused on the interplay between Wis. Stat. § 816.06 and § 803.045 only strengthens our compel a non-judgment debtor third party to testify at a supplemental proceeding. *See generally Courtyard,* 244 Wis. 2d 153.

[27] *Courtyard,* 244 Wis. 2d 153, ¶ 18 ("Harmonizing the statutes involved to permit the supplementary examination of the judgment debtor's spouse gives full force and effect to the tenor of the statutes allowing the judgment creditor to reach *marital property.*") (emphasis added)

[28] We emphasize that our holding does not leave a judgment creditor without remedy against a non-judgment debtor third party who may be concealing the property of a judgment debtor.

## VI. CONCLUSION

¶ 49. We conclude that Wis. Stat. § 816.06 does not grant a judgment creditor the right to compel a non-judgment debtor third party to testify at supplemental proceedings. We base our conclusion on the language of the statute, on its context and statutory history, and on our prior holdings. Because Crown Castle had no right, under § 816.06, to compel Orion Logistics to testify at a supplemental proceeding, we reverse the court of appeals decision and remand the cause to the circuit court for further proceedings.

*By the Court.*—The decision by the court of appeals is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

¶ 50. SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*). The majority opinion is an anti-creditor opinion that emasculates Chapter 816 of the statutes. It empowers debtors to hide their assets from creditors who have procured valid, enforceable judgments. It will hinder the ability of all judgment creditors (individuals and corporations alike) to recover payment from all judgment debtors (individuals and corporations alike).

¶ 51. The court of appeals, in contrast to the majority opinion, got it right: Circuit courts and court

---

A receiver could be appointed under Wis. Stat. § 816.04, *see generally Mann v. Bankruptcy Estate of Badger Lines, Inc.*, 224 Wis. 2d 646, 590 N.W.2d 270 (1999), and the receiver could proceed against a non-judgment debtor third party in possession of the judgment debtor's property. Wis. Stat. § 816.08. The receiver could also proceed under Wis. Stat. ch. 242 to undo a fraudulent transfer by the judgment debtor. *See* § 242.07. Alternatively or additionally, the judgment creditor could commence a garnishment action against the non-judgment debtor third party under § 812.01(1), or proceed under § 128.08 (discussing the appointment of a receiver).

commissioners have authority under Wis. Stat. §§ 816.03 and 816.06 to require a third party to submit to a supplemental examination so that a judgment creditor can discover assets of a debtor.

¶ 52.   The text of Wis. Stat. § 816.06, the purpose of supplemental proceedings, and the statutory history of § 816.06 lead to the conclusion that the statutes permit the compelled examination of third parties who have information about the judgment debtor's property.

¶ 53.   *Text.* Wisconsin Stat. § 816.03(1) provides that circuit courts and court commissioners have the authority under certain circumstances to order a judgment debtor to appear and answer concerning the judgment debtor's property.[1] Section 816.06 further states that "[a]t the hearing upon such order or warrant such judgment debtor may be examined on oath and *testimony on the part of either party* may be offered" (emphasis added).

¶ 54.   The court of appeals has declared that "the last phrase of Wis. Stat. § 816.06, 'testimony on the part of either party may be offered,' creates an ambiguity."[2]

¶ 55.   Emphasizing the word "may," the majority appears to conclude that the phrase "testimony on the part of either party may be offered" allows either party to present testimony through witnesses, but only if the witness voluntarily agrees to testify. Majority op., ¶ 26. Thus, the majority acknowledges that Wis. Stat. § 816.06 allows third parties to testify at supplemental

---

[1] Wis. Stat. § 816.03(1)(a) ("When an execution against property has . . . been returned unsatisfied . . . the court . . . shall, upon motion of the judgment creditor, order such judgment debtor, whether an individual, firm, corporation or other association, to appear before the court or judge and answer concerning the judgment debtor's property . . . .").

[2] *Courtyard Condo. Ass'n, Inc. v. Draper,* 2001 WI App 115, ¶ 9, 244 Wis. 2d 153, 629 N.W.2d 38.

proceedings, but concludes that the parties, the circuit court judge, and the court commissioner have no authority to *compel* third-party testimony.

¶ 56. The majority purports to conduct a "plain meaning analysis," ¶ 18, but then simply asserts that its conclusion is "clear." Majority op., ¶ 19. Insisting that the holding is driven by the statute's "plain" language and meaning and insisting that the answer is clear does not make the language or meaning of the statute any more plain or the majority opinion any more persuasive. The statute's language and meaning were not so clear to the court of appeals in *Courtyard Condominium Ass'n, Inc. v. Draper,* 2001 WI App 115, ¶ 9, 244 Wis. 2d 153, 629 N.W.2d 38,[3] or to the author of the supplemental proceedings chapter of the Wisconsin Practice Series.[4] The court of appeals and the experienced commentator both concluded that Wis. Stat. § 816.06 was ambiguous and interpreted the provision to allow witnesses to be compelled.

¶ 57. The word "may" in the phrase "testimony on the part of either party *may* be offered" has nothing to do with whether witnesses may be compelled to testify. The word "may" means that a party may call witnesses, but is not required to do so. It is not mandatory for parties to call witnesses to offer testimony; hence, the legislature provided that testimony "may" be offered.[5] The majority's reliance on the word "may" in Wis. Stat. § 816.06 is misplaced.

---

[3] *See* ¶ 54, *supra.*

[4] *See* ¶ 77, *infra.*

[5] *Cf. Heritage Farms, Inc. v. Markel Ins. Co.,* 2012 WI 26, ¶ 37, 339 Wis. 2d 125, 810 N.W.2d 465 (recognizing that the word "may" in Wis. Stat. § 26.21(1) allows, but does not require, property owners whose property is damaged by forest fires to bring a civil action to recover double damages).

¶ 58. I would hold that the phrase "testimony on the part of either party may be offered" allows either party to call third parties to testify. The subpoena statutes applicable to special proceedings apply to Chapter 816 and allow the circuit court judge or court commissioner to compel witnesses to appear.

¶ 59. *Purpose.* Although the majority correctly acknowledges that a statute's purpose should guide this court's "plain meaning" interpretation, majority op., ¶ 14, the majority opinion's interpretation is at odds with the statute's purpose.

¶ 60. The purpose of Chapter 816 of the Wisconsin Statutes is to help judgment creditors when their judgments go unsatisfied. It provides "a post-judgment discovery procedure used where the judgment creditor is uncertain of the nature, location, extent, and amount of the debtor's property. . . . In most instances without the information obtained at a supplemental examination, it is very difficult to discover the debtor's non-exempt property."[6]

---

[6] *See* Robert A. Pasch, *Wisconsin Collection Law* § 16:1 (2d ed. 2006).

Long ago, this court explained that supplemental proceedings exist because "[u]nless a comprehensive and searching examination be allowed, an artful debtor might defeat the discovery sought." *Heilbronner v. Levy,* 64 Wis. 636, 637, 26 N.W. 113 (1885).

*See also Eclipse Mfg. Co. v. U.S. Compliance Co.,* 886 N.E.2d 349, 355 (Ill. App. 2007) ("[The supplementary proceeding statute] provides a mechanism by which a judgment creditor may initiate supplementary proceedings, against a judgment debtor or a third party, to discover the assets of a judgment debtor . . . . [The statute] is to be liberally construed . . . .").

*See also* 30 Am. Jur. 2d *Executions* § 557 ("[Supplemental proceedings] address the circumstance where vital information

¶ 61. Interpreting Wis. Stat. § 816.06 to compel third parties to submit to examination furthers the purpose of supplemental proceedings, while the majority's interpretation undermines it.

¶ 62. The majority allows judgment creditors to call witnesses who will voluntarily testify but not witnesses who must be compelled to provide relevant information. Limiting the statute in this way robs supplemental proceedings of their effectiveness as a discovery device for judgment creditors with unsatisfied judgments.

¶ 63. Judgment creditors have no need to compel witnesses who will voluntarily provide information. They can obtain this information outside of the courtroom. Supplemental proceedings are intended to allow judgment creditors the opportunity to gather information that would not be made available to them voluntarily. It seems that many of the witnesses most likely to have relevant information about the location of assets are those who would be most likely to prefer that the information remain unknown—i.e., those whose testimony would need to be compelled.

¶ 64. The court of appeals in the present case, as in *Courtyard,* endeavored to square the text of the statute with its purpose.

¶ 65. *Courtyard* asked whether the spouse of a judgment debtor could be required to testify in a supplemental proceeding regarding the fate of marital

regarding assets which ought to be subjected to the lien or discharge of a judgment is in the hands of third persons, and provide methods by which a judgment creditor may discover assets belonging to the judgment debtor in the possession of those third parties . . . .").

284

property.[7] A statute allowed the creditor to proceed against marital property, even if it was held by a spouse who was not a judgment debtor, and the court of appeals reasoned that "the right of the judgment creditor to satisfy a judgment from marital property would be frustrated if the creditor could not examine the spouse."[8] The court of appeals concluded that unless the judgment debtor's spouse testified, "the judgment creditor would lack the information needed to proceed against the spouse . . . ."[9] Specifically, the court of appeals stated that:

> It would be an unreasonable and absurd result to conclude that although a judgment creditor may reach all marital property to satisfy a judgment, the spouse of the judgment debtor does not have to submit to a supplementary examination in which the amount and location of marital property could be determined. Harmonizing the statutes involved to permit the supplementary examination of the judgment debtor's spouse gives full force and [e]ffect to the tenor of the statutes allowing the judgment creditor to reach marital property.[10]

¶ 66. In the present case, the considerations are similar. Chapter 242 of the Wisconsin Statutes, the Uniform Fraudulent Transfer Act, provides a remedy for judgment creditors when their judgment debtors seek to fraudulently protect their assets by transferring them to other entities.[11] Prior to bringing suit under Chapter 242, a judgment creditor needs evidentiary support for

---

[7] *Courtyard*, 244 Wis. 2d 153, ¶¶ 1–4.

[8] *Id.*, ¶ 15.

[9] *Id.*

[10] *Id.*, ¶ 18 (citation omitted).

[11] *See, e.g.*, Wis. Stat. § 242.04(1)(a).

his or her allegations and factual contentions.[12] Thus, if a judgment debtor pleads ignorance and the judgment creditor is not able to discover information from other sources, the judgment creditor may not be able to establish the factual basis necessary to proceed against the third party.

¶ 67. Just as in *Courtyard,* the supplemental proceedings in the present case could have been used to protect the judgment creditor and counsel from having to risk sanction under § 802.05(3) for filing a factually unsupported complaint or to forgo collection of a valid judgment.[13] The majority has frustrated the purpose of the statute by cutting off an important avenue of discovery that aids in the collection of judgments.

¶ 68. We need not fear an unreasonable, far-flung fishing expedition by the judgment creditor. The judge or court commissioner has discretion as to the scope of the examination.[14] Thus, it would be left to the judge's

---

[12] Wis. Stat. § 802.05(2)(c).

[13] The majority asserts that the court of appeals disregarded the corporate form by compelling Larson to testify regarding his two entirely separate corporations. Majority op., ¶ 20. This misconstrues the court of appeals' opinion. It was the likelihood of relevant evidence being discovered from Orion Logistics that justified the compelled testimony.

As an aside, although the majority opinion and I refer to Larson's businesses as "corporations," they are limited liability companies, unique corporate structures governed by Wis. Stat. ch. 183.

The majority's preoccupation with "the corporate form" suggests that it fears affirming the court of appeals would be damaging to businesses. Yet the majority's holding undermines the ability of all judgment creditors (including businesses) to satisfy judgments against elusive judgment debtors.

[14] *Heilbronner v. Levy,* 64 Wis. 636, 637, 26 N.W. 113 (1885). *See also* Robert A. Pasch, *Wisconsin Collection Law* § 16:4 (2d

or commissioner's discretion to determine when a third party's testimony justifies the burden that being compelled to testify might place on that third party.

¶ 69. *Statutory History.* Although the majority opinion relies heavily on the history of ch. 816, examining the evolution of Wis. Stat. § 816.06 from the 1856 version to its present form actually reveals that the legislature never intended the result reached by the majority today.

¶ 70. As the majority notes, Wis. Stat. ch. 120, §§ 202 and 206 (1856) explicitly allowed judgment creditors to compel the testimony of third parties. Majority op., ¶ 33. Section 202 provided that "either party may examine witnesses on his behalf" and section 206 provided that "[w]itnesses may be required to appear and testify on any proceedings under this chapter, in the same manner as upon the trial of an issue."

¶ 71. In 1878, after a renumbering, Wis. Stat. ch. 131, § 3033 provided that "such judgment debtor may be examined on oath, and witnesses may be required to appear and testify on the part of either party, in the same manner as upon the trial of an issue." The statute remained substantially in that form save some renumbering until 1935.

¶ 72. The majority focuses intently on the 1935 revisions appearing in Chapter 541 of the Laws of Wisconsin. In that revision, the language of § 273.06 (now § 816.06) was shortened to its current form: "At the hearing upon such order or warrant such judgment

ed. 2006) ("A logical conclusion to be drawn from [*Heilbronner*] is that the judge or court commissioner has discretionary power as to who, in addition to the judgment debtor, may provide testimony and information at a supplemental examination.").

debtor may be examined on oath and testimony on the part of either party may be offered." The caption and text that emerged from the 1935 revisions are identical to the current caption and text of Wis. Stat. § 816.06.

¶ 73.   Although the reference to witnesses being "required" to appear and testify was removed in 1935, a holistic look at the 1935 revisions reveals that the legislature's intent was not necessarily to change the scope of supplemental proceedings. The title of the session law is "An Act to revise portions of Title XXV proceedings in civil actions in courts of record and Title XXVI actions relating to real estate for clarity and conciseness of language and simplifying and improving said proceedings and for harmonizing the substantive provisions with the procedural rules which are being revised by the Supreme Court."[15]

¶ 74.   In this instance, the statutory change from (1) "witnesses may be required to appear and testify on the part of either party" to (2) "testimony on the part of either party may be offered" seems more likely to have been motivated by a desire for conciseness or accuracy than a desire to make a dramatic substantive change.

¶ 75.   The 1935 legislature may have removed the language explicitly stating that "witnesses may be required to appear and testify" because the language is unnecessary in light of a related provision, which the majority ignores. Wisconsin Stat. § 885.01 provides a broad grant of subpoena power. Specifically, it allows "any judge or clerk of a court or court commissioner . . . to require the attendance of witnesses and their production of lawful instruments of evidence in any action, matter, or *proceeding* . . . ." Wis. Stat. § 885.01(1) (emphasis added).

---

[15] Title, ch. 541, Laws of 1935.

¶ 76. Supplemental proceedings certainly qualify as "proceedings" under Wis. Stat. § 885.01[16] and either a judge or court commissioner presides over them. Nothing in chapter 816 clearly states that the legislature has prohibited compelling testimony of third parties at supplemental proceedings. There is no conflict between the phrase "such judgment debtor may be examined on oath and testimony on the part of either party may be offered," Wis. Stat. § 816.06, and the general subpoena power of Wis. Stat. § 885.01. The circuit judge or court commissioner can rely on the provisions of § 885.01 to compel testimony that either party wants to offer in supplemental proceedings.

¶ 77. As the author of a chapter on supplemental proceedings in the Wisconsin Practice Series concluded, "[w]hile the current statute is perhaps more ambiguous than its predecessor, there appears to be no reason for excluding the ability of a judgment creditor to call and examine third parties who may have information about the judgment debtor's property."[17]

¶ 78. The majority disregards the reasonable view of an experienced Wisconsin commentator, disregards the purpose of supplemental proceedings, and disregards the interaction between general subpoena powers and the supplemental proceedings statutes. It makes too much of a statutory revision that may well have been intended to be purely non-substantive.

¶ 79. In sum, the majority's interpretation of Wis. Stat. § 816.06 undermines the purpose of supplemental

[16] *See* Wis. Stat. § 816.03(2) ("The fact that garnishee proceedings have been commenced in aid of or that property has been levied on under a second execution shall not bar *proceedings* under this section . . . .") (Emphasis added.)

[17] Robert A. Pasch, *Wisconsin Collection Law* § 16:4 (2d ed. 2006).

proceedings. It will hinder the ability of all judgment creditors (individuals and corporations alike) to satisfy outstanding judgments against all judgment debtors (individuals and corporations alike).

¶ 80. I agree with the court of appeals that the circuit court properly exercised its discretion when it ordered Orion Logistics to submit to a supplemental examination.

¶ 81. For the reasons stated above, I dissent.

¶ 82. I am authorized to state that Justices ANN WALSH BRADLEY and N. PATRICK CROOKS join this opinion.