SHIRLEY S. ABRAHAMSON, C.J.
¶ 54. (concurring). Everyone involved in the instant case — including the Board of Regents,[1] Decker, and this court[2] — agrees *834 that the circuit court's harassment injunction does not pass muster: the scope of the injunction is impermissibly broad. The majority opinion correctly asserts that the circuit court's harassment injunction fails to identify the protected party and fails to specify the conduct to be enjoined.[3]
¶ 55. Because the injunction is overbroad, the injunction is invalid.[4] On remand, the circuit court must refine the injunction and clarify its terms. Majority op., ¶ 3. In effect, the circuit court must craft a new injunction.
¶ 56. The harassment statute, Wis. Stat. § 813.125, is obviously designed to address harassment of individuals, especially instances of domestic child and family harassment or violence. Such cases are very different from the instant case.[5] The instant case does not fit easily into the statute.[6] The statute is somewhat *835 difficult to adapt to the present case because the statute was intended to safeguard one individual from another individual's harassment. Although I agree with the majority opinion that our case law has interpreted the statute to permit harassment injunctions to protect "persons" (defined more broadly than "individuals" in Wis. Stat. § 990.01(26)),[7] the statutory language and the one-size-fits-all required forms designed to protect individuals are difficult to apply to non-individuals and to the present case.[8] Therefore, circuit courts should exercise caution in crafting harassment injunctions to protect non-individual persons.
¶ 57. I write to point out matters that the circuit court must consider in crafting a new injunction. I begin by concisely summarizing in chart form the circuit court's injunction and what remains of the injunction under the majority opinion.
*836 INJUNCTION
CIRCUIT COURT MAJORITY OPINION
PROTECTED PARTY The Board of Regents; "the UW or any of its representatives' ,i,[9] "[I]t may be unclear to both Decker and law enforcement who the protected party is.""*[10]
HARASSING CONDUCT Trespassing onto UW land in violation of terms of suspension Trespassing onto UW land in violation of terms of suspension
ENJOINED BEHAVIOR Harassment; avoid the residence; contacting the UW or any of its representatives unless they consent in writing. Avoid premises occupied by University of Wisconsin System, all of its campuses, any premises under the control of the Board of Regents.[11] The majority opinion notes the expansive reach of the injunction but mentions no enjoined conduct. [12]
¶ 58. In effect, the majority opinion vacates the circuit court's injunction, because as the majority opinion explains, the injunction is unclear in its description of the party protected or the enjoined conduct.
*837 ¶ 59. The mandate of the majority opinion is somewhat misleading when it "reverse[s]" the court of appeals and "remand[s]" the issue to the circuit court.[13] Both the majority opinion and the court of appeals agree that the circuit court must craft a new injunction.
¶ 60. In crafting a new injunction, the circuit court must adhere to the legal standards for a harassment injunction as stated in Bachowski v. Salamone, 139 Wis. 2d 397, 414-15, 407 N.W.2d 533 (1987), the lead case interpreting Wis. Stat. § 813.125, the harassment statute. If an injunction fails to meet the criteria in Bachowski, the injunction is "invalid."[14]
¶ 61. According to the Bachowski case, 139 Wis. 2d at 414-15, upon which the majority openly relies, the proceedings and harassment injunction must meet the following requirements:
I. The petitioner being protected by the injunction must be specific and named;[15]
II. The harassing conduct that is the basis for the injunction must be set forth;[16]
*838 III. The specific harassing acts or conduct to be enjoined must be either identical to or substantially similar to the conduct found to he harassing by the circuit court;[17] and
IV An injunction must be "specific as to the acts and conduct which are enjoined" such that the defendant has notice of what he or she is prohibited from doing.[18]
I
¶ 62. To assist the circuit court, I begin with the first Bachowski criterion: the petitioner and the party protected must be specific and named.
¶ 63. In the instant case, a real issue exists about who the petitioner is and who the protected party is. They need not be the same person.
*839 ¶ 64. The written order names "Board of Regents UW System" as the petitioner. In its oral ruling, the circuit court stated that Decker was "specifically prohibited from contacting or causing any person to contact the UW or its representatives unless they consent in writing" (emphasis added). I agree with the majority opinion that it is "unclear to both Decker and law enforcement who the protected party is."[19]
¶ 65. The circuit court's injunction appears to include as protected parties between 18 individuals (the individual members of the Board of Regents) and 200,000 or more individuals (the students, staff, and faculty of the university).
¶ 66. The lack of clarity of the protected party's identity in the circuit court's injunction renders it invalid under the first Bachowski criterion: the protected party is undefined and unknown. The identity of the protected party must be clear from the injunction.
II
¶ 67. The second Bachowski criterion is that the harassing conduct that is the basis for the injunction must be set forth.
¶ 68. Trespass is the gravamen of the harassing conduct used to justify the injunction. Trespass in turn is based on Decker's status as a suspended student.[20]
*840 ¶ 69. The circuit court described the trespasses as the harassing conduct, as follows:
[T]here are several incidents described as a matter of the record here that Mr. Decker, contrary to the clear terms of the lawful existing order that is established .... It specifically says he may not enroll in any UW system institution and may not be present on any campus without the written consent of the chief administrator of that campus. He has done so on several occasions without the written consent of the administration on the particular campus.. ..
And in my view, that constitutes conduct of a sort that is harassing and intimidating.
¶ 70. According to the circuit court, the harassment was the disruption of a meeting at the Stevens Point campus before Decker's suspension and at least four documented trespasses on university land after Decker was suspended as a student, including additional disruption of meetings. One of the trespasses, leafleting, is not described as being disruptive. See majority op. ¶¶ 4-5, 39-41.
¶ 71. The majority opinion specifically identifies the harassing conduct (which forms the basis for the injunction) as trespassing conduct violating the terms and conditions of Decker's suspension and the Wisconsin Administrative Code as follows:
• Contrary to the terms and conditions of his suspension and the Wisconsin Administrative Code, *841 Decker trespassed on the UW-Oshkosh campus and distributed leaflets at a UW-Oshkosh basketball game. No disruption or adverse consequences are described. Majority op., ¶ 7.
• Contrary to the terms and conditions of his suspension and the Wisconsin Administrative Code, Decker twice trespassed on the campus of UW-Fox Valley by attending meetings, during which he was disruptive and was forcibly removed by police officers. Majority op., ¶¶ 8, 11.
• Contrary to the terms and conditions of his suspension and the Wisconsin Administrative Code, Decker trespassed by attending a meeting of the Board of Regents in Madison and was disruptive. Majority op., ¶ 10.[21]
¶ 72. According to the record before us, Decker's suspension ended January 1, 2012.
¶ 73. I do not speculate as to the present status of Decker's suspension. Yet if the suspension no longer exists, any harassing conduct created by "trespass" may also no longer exist.
¶ 74. When the circuit court crafts its new injunction, it may need to consider whether trespass in violation of Decker's suspension can continue to serve as the basis of harassing conduct.
Ill
¶ 75. The third Bachowski criterion is that "[o]nly the acts or conduct which are proven at trial and form the basis of the [circuit court] judge's finding of harass *842 ment or substantially similar conduct should be enjoined." Bachowski, 139 Wis. 2d at 414.
¶ 76. As noted above, the harassing conduct the circuit court found as the basis for the injunction was Decker's trespass as a suspended student and disruption of meetings. As the majority opinion notes, the circuit court's injunction was not limited to the conduct that forms the basis of the circuit court's finding of harassing conduct or similar conduct.[22]
¶ 77. In crafting a new injunction, the circuit court must limit the enjoined conduct to the acts or conduct that form the basis of the harassment finding or substantially similar conduct: the trespass as a suspended student and the disruption of meetings.
IV
¶ 78. The fourth Bachowski criterion is that the injunction must be "specific as to the acts and conduct which are enjoined," such that the defendant has notice of what he is prohibited from doing.[23] Law enforcement also needs clarity in the terms of an injunction in order to enforce the injunction.[24]
*843 ¶ 79. The majority opinion notes the "expansive reach" of the injunction. Majority op., ¶ 48 n.22.
¶ 80. In crafting a new injunction, the circuit court must remedy the defects in the original injunction that the majority opinion details, namely that the injunction fails to be specific about what person or persons Decker may be enjoined from contacting and fails to be specific about what property Decker is enjoined from entering.[25]
¶ 81. As stated previously, the injunction is unclear because it can be read to enjoin Decker from contacting 18 individuals or 200,000.[26]
¶ 82. The injunction is also unclear regarding what property Decker is enjoined from entering. Decker was prohibited from entering "the University of Wisconsin system, all of its campuses, any premises under the control of the Board of Regents."
¶ 83. The Board of Regents controls 18,000 acres of property, with campuses across 25 counties. The UW has approximately 1,814 buildings covering 60 million square feet of space.[27] UW property extends from UW medical facilities across the state, including doctor's offices and emergency rooms, to conservation tracts and nature preserves, to apartments, to golf courses, and so on.
*844 ¶ 84. How should Decker or law enforcement identify which properties are "controlled by" the Board of Regents?
• The University of Wisconsin Hospital and its medical facilities are run by a separate authority that includes members of the Board of Regents. May Decker visit his physician who has an office in one of the many university medical facilities across the state?
• May Decker visit a graduate student friend at a UW-managed dormitory or apartment complex?
• May Decker attend a theater production at a UW theater?
• May Decker patronize one of the multiple retail locations of the University of Wisconsin Bookstore?
• May Decker enter property controlled hy the University of Wisconsin Foundation?
• May Decker distribute material on or near streets in or near a University campus?
¶ 85. Thus, neither Decker nor law enforcement can understand what conduct is enjoined, both with regard to persons Decker cannot contact and to real property Decker cannot enter. Without knowing what conduct is enjoined, the circuit court cannot determine whether the enjoined behavior is identical to or substantially similar to the conduct found harassing, namely the third criterion in Bachowski.
¶ 86. Thus, the injunction is invalid under the fourth Bachowski criterion.
¶ 87. I agree with the majority opinion that the circuit court's injunction fails to meet the criteria set forth in Bachowski. Under Bachowski, an injunction *845 that fails to meet the criteria is invalid. Thus, the majority opinion in effect vacates the injunction and advises the circuit court to start over. Circumstances may have changed significantly since October 24, 2011, when the injunction was issued.
¶ 88. Before I conclude, let me quickly note the issues that I do not address.
¶ 89. I do not address whether the conduct at issue meets the statutory definition of harassment under Wis. Stat. § 813.125(1)(b).[28] "Harassment" is defined as repeated conduct that harasses or intimidates another person "and which serves no legitimate purpose." Wis. Stat. § 813.125(1)(b) (emphasis added). I do not address the statutory language "serves no legitimate purpose."[29]
*846 ¶ 90. I do not address First Amendment issues, although I agree with the court of appeals that there are freedom of speech implications presented by the instant case.[30] Injunctions carry great risks of freedom of speech violations and deserve additional scrutiny from courts.[31]
¶ 91. For the reasons set forth, I write separately.
*847 APPENDIX
[[Image here]]
*848 [[Image here]]

 See majority op., ¶¶ 48-49.

 "[I]t may be unclear to both Decker and law enforcement who the protected party is." Majority op., ¶ 49.

 Majority op., ¶ 48 & n.22 (noting that both parties "concede that the injunction is overbroad," that it is unclear who the protected party is, and that the "expansive reach" of the circuit court injunction extends to broad property).
There are even discrepancies between the circuit court's oral ruling on the injunction and the written form injunction that it issued.

 Bachowski v. Salamone, 139 Wis. 2d 397, 414, 407 N.W.2d 533 (1987) ("[T]he injunction is drafted too broadly and is therefore invalid.").

 See 2005 Wis. Act 272 (defining "harassment" to include sexual assault, abuse under Wis. Stat. § 48.02(1), and stalking under Wis. Stat. § 940.32).

 The majority opinion agrees that "Wis. Stat. § 813.125(1)(a) . .. does appear to contemplate harassment directed towards a natural person." Majority op., ¶ 29.
The forms used in the circuit court are designed for individuals (not for harassment of a body politic or a corporate body). The forms, like many forms, have to be supplemented to fit the facts presented. The Board of Regents did supplement its petition, but *835 the circuit court did not supplement the form injunction in the instant case. The circuit court's injunction is attached as an appendix.

 Majority op., ¶¶ 26-27; see also Village of Tigerton v. Minniecheske, 211 Wis. 2d 777, 565 N.W.2d 586 (Ct. App. 1997).
The majority opinion acknowledges the difficulty of determining how to characterize a non-individual person for the purposes of a harassment injunction. The majority opinion refers to the Board of Regents variously as:
(1) A non-individual "body politic." Majority op., ¶¶ 26-27;
(2) A non-individual "body corporate." Majority op., ¶¶ 24, 26; and
(3) An "institution," defined by the majority opinion as "a collection of individuals engaged in a common purpose." Majority op., ¶¶ 24, 30.

 The circuit court used form CV-407, 11/13 Injunction (Order of Protection - Harassment), which is mandated for use in civil actions under Wis. Stat. §§ 807.001 and 758.18(1).

 The harassment injunction could conceivably extend to thousands of people, including UW faculty, staff, and students. The University has about 40,000 employees and 181,000 students.

 Majority op., ¶ 49.

 The written circuit court injunction required Decker to "avoid the residence and any premises temporarily occupied by the protected party."
At the hearing, the circuit court orally ordered Decker "to avoid any premises occupied by the petitioner or protected person, namely the University of Wisconsin system, all of its campuses, any premises under the control of the Board of Regents."

 Majority op., ¶ 47 & n.21.

 Majority op., ¶ 52.

 Bachowski, 139 Wis. 2d at 414.

 Wis. Stat. § 813.125(5)(a)l.-2. (requiring the name of the person who is the alleged victim and the name of the respondent in the petition); see Bachowski, 139 Wis. 2d at 412-13.

 See Wis. Stat. § 813.125(5)(a)3. (requiring that the complaining party show "[t]hat the respondent has engaged in harassment with intent to harass or intimidate the petitioner").
The Petition for Temporary Restraining Order and/or Petition and Motion for Injunction Hearing form (form CV-405) asks the complaining party to "[sjtate when, where, what happened, and who did what to whom." This is largely similar to language that the court found to be sufficient notice in Bachowski. The Bachowski court stated: "Thus, it would be insufficient, for example, pursuant to sec. 813.125(5)(a) for a *838 petitioner to simply allege that he or she has been 'harassed or intimidated' by the [defendant]." Bachowski, 139 Wis. 2d at 412-13.

 "Only the acts or conduct which are proven at trial and form the basis of the judge's finding of harassment or substantially similar conduct should be enjoined." Bachowski, 139 Wis. 2d at 414.
See also III Wisconsin Judicial Benchbook, Family Actions, Miscellaneous Actions, Harassment FA 18-54 (4th ed. 2011) (similarly stating the injunction "must be tailored to necessities of particular case"). (The Benchbook states that it is not intended that the Benchbooks be cited as independent authority.)

 Bachowski, 139 Wis. 2d at 414. See also III Wisconsin Judicial Benchbook, supra note 17, at 18-54 (adhering to Bachowski: "The injunction must be specific as to prohibited acts and conduct so one enjoined may know what actions to avoid.").
Specificity is required because violation of an injunction is a criminal offense.

 See majority op., ¶ 49 (listing various potential formulations of the protected party from the record in the instant case).
The majority opinion lists other parties that may be "protected parties" under the circuit court's injunction. Majority op., ¶ 48 n.22.

 A suspended student, according to the Wisconsin Administrative Code §§ UWS 17.02(16) and UWS 18.11(7)(a), may not be present on any campus "without the written consent of the *840 chief administrative officer" of that campus and "may [not] enter the university lands of any institution without the written consent of the chief administrative officer." According to § UWS 17.02(17), "university land" is defined as "all real property owned by, leased by, or otherwise subject to the control of the board of regents . . .."

 To obtain an order relating to Decker's guns, the circuit court and majority opinion rely on Decker's pre-suspension conduct at Stevens Point of striking the Chancellor's papers and the timing of Decker's purchase of guns. Majority op., ¶ 42.

 Majority op., ¶ 48 n.22.

 Injunctions must be specific as to the prohibited acts and conduct in order for the person being enjoined to know what conduct must be avoided. Disobeying an injunction is a criminal offense. Welytok v. Ziolkowski, 2008 WI App 67, ¶ 24, 312 Wis. 2d 435, 752 N.W.2d 359.

 Laws must provide "reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent arbitrary and discriminatory enforcement." City of Madison v. Baumann, 162 Wis. 2d 660, 674, 470 N.W.2d 296 (1991) (internal quotation marks omitted). Additionally, the statute requires that the injunction must be sent to "the sheriff or to any local law enforcement agency which is the central repository for *843 orders and injunctions and which has jurisdiction over the petitioner's premises." Wis. Stat. § 813.125(5g).

 Majority op., ¶ 48 n.22.

 The circuit court in its oral ruling stated that Decker is "specifically prohibited from contacting or causing any person to contact the UW or its representatives unless they consent in writing."

 Capital Planning & Budget, University of Wisconsin System Capital Assets, http://www.uwsa.edu/capbud/ documents/capbud_description.htm (last visited June 30, 2014).

 The statutory definition of "harassment" is problematic; "harassment" is defined as "acts which harass," a form of the very word being defined.
To grant an injunction, the circuit court must find reasonable grounds to believe that the person has engaged in harassment with the intent to harass or intimidate a named party and which serves no legitimate purpose. Wis. Stat. § 813.125(4)(a)3.

 The parties expend considerable effort addressing the "legitimate purpose" statutory language. The majority opinion takes language out of context from Bachowski, 139 Wis. 2d at 408, treating the case as saying that "intentionally harassing conduct can never serve a legitimate purpose." Majority op., ¶ 38.
The majority opinion treats the statutory phrase "which serves no legitimate purpose" as surplusage, contravening our rules of statutory interpretation. See Crown Castle USA, Inc. v. Orion Const. Grp., LLC, 2012 WI 29, ¶ 13, 339 Wis. 2d 252, 811 N.W.2d 332.
Bachowski, 139 Wis. 2d at 408, treats the inquiry into legitimate purpose as a separate element of harassment, declaring:
*846 The definition of harassment further requires that the harassing and intimidating acts "serve no legitimate purpose." This is a recognition by the legislature that conduct or repetitive acts that are intended to harass or intimidate do not serve a legitimate purpose. Whether acts or conduct are done for the purpose of harassing or intimidating, rather than for a purpose that is protected or permitted by law, is a determination that must of necessity be left to the fact finder, taking into account all the facts and circumstances.
The court of appeals opinion reads Bachowski as stating that conduct can be harassment only if "done for the purpose of harassing or intimidating, rather than for a purpose that is protected or permitted by law." Bd. of Regents-UW Sys. v. Decker, No. 2011AP2902, unpublished slip op., ¶ 11 (Wis. Ct. App. Jan. 24, 2013).
In Welytok, 312 Wis. 2d 435, ¶¶ 30-31, the court of appeals viewed the "no legitimate purpose" language as establishing a separate element and concluded that the circuit court found that the defendant was "motivated by one thing and one thing only and that was to harass," that the circuit court "saw through" the defendant's "attempts to manufacture a legitimate purpose," and that the circuit court's finding that no legitimate purpose was intended was supported by the evidence.

 A case should be decided on non-constitutional grounds whenever possible. Adams Outdoor Advertising, Ltd. v. City of Madison, 2006 WI 104, ¶ 91, 294 Wis. 2d 441, 717 N.W.2d 803.

 See Madsen v. Women's Health Center, Inc., 512 U.S. 753, 765-66 (1994). For an overview of the potential impact of civil harassment injunctions on freedom of speech, see Aaron H. Caplan, Free Speech and Civil Harassment Orders, 64 Hastings L.J. 781 (2013).
The majority opinion intimates that its injunction is akin to a "time, place, and manner" restriction that does not offend the *847 First Amendment. Majority op., ¶ 44. The circuit court's over-broad injunction bans every manner of "conduct" (which includes speech) by Decker at all times and in all places controlled by the university.