# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2021AP1589 |

| | |
|---|---|
| COMPLETE TITLE: | Sojenhomer LLC, |
| | Plaintiff-Appellant, |
| | v. |
| | Village of Egg Harbor, |
| | Defendant-Respondent-Petitioner. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 407 Wis. 2d 587, 990 N.W.2d 267
(2023 - published)

| | |
|---|---|
| OPINION FILED: | June 19, 2024 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | December 19, 2023 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Door |
| JUDGE: | David L. Weber |

JUSTICES:
DALLET, J., delivered the majority opinion of the Court, in which ANN WALSH BRADLEY, KAROFSKY, and PROTASIEWICZ, JJ., joined. ZIEGLER, C.J., filed a dissenting opinion, in which REBECCA GRASSL BRADLEY and HAGEDORN, JJ., joined.
NOT PARTICIPATING:

ATTORNEYS:

For the defendant-respondent-petitioner, there were briefs filed by *Richard J. Carlson*, *Ashley C. Lehocky* and *Town Counsel Law & Litigation, LLC*, *Kaukauna*. There was an oral argument by *Ashley C. Lehocky*.

For the plaintiff-appellant, there was a brief filed by *Tyler D. Pluff*, *Jon R. Pinkert,* and *Pinkert Law Firm LLP*, *Sturgeon Bay*. There was an oral argument by *Tyler D. Pluff*.

An amicus curiae brief was filed by *Clayton P. Kawski,* assistant attorney general, with whom on the brief was *Joshua L. Kaul,* attorney general, on behalf of Wisconsin Department of Transportation. There was an oral argument by *Clayton P. Kawski*, assistant attorney general.

An amicus curiae brief was filed by *Ryan Sendelbach, Claire Silverman,* and *League of Wisconsin Municipalities, Madison,* on behalf of League of Wisconsin Municipalities.

2024 WI 25

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2021AP1589
(L.C. No. 2020CV101)

STATE OF WISCONSIN : IN SUPREME COURT

**Sojenhomer LLC,**

      **Plaintiff-Appellant,**

  **v.**

**Village of Egg Harbor,**

      **Defendant-Respondent-Petitioner.**

**FILED**

**JUN 19, 2024**

Samuel A. Christensen
Clerk of Supreme Court

DALLET, J., delivered the majority opinion of the Court, in which ANN WALSH BRADLEY, KAROFSKY, and PROTASIEWICZ, JJ., joined. ZIEGLER, C.J., filed a dissenting opinion, in which REBECCA GRASSL BRADLEY and HAGEDORN, JJ., joined.

REVIEW of a decision of the Court of Appeals. *Reversed.*

¶1 REBECCA FRANK DALLET, J. The Village of Egg Harbor had a problem. The busy intersection of County Highway G and State Highway 42 was dangerous for both pedestrians and motorists. Building a sidewalk along the east side of County Highway G would help solve the problem, but it required condemnation of .009 acres of property belonging to Sojenhomer LLC.

¶2 Sojenhomer contested the condemnation, arguing that it violates Wis. Stat. §§ 32.015 and 61.34(3)(b) (2021-22).[1] Those statutes provide that property cannot be acquired by condemnation to establish or extend a "pedestrian way," a phrase that Wis. Stat. § 346.02(8)(a) defines as "a walk designated for the use of pedestrian travel." Sojenhomer argues that sidewalks are pedestrian ways, and that the Village therefore lacked authority to condemn the property to build a sidewalk.

¶3 We disagree. When read in context, the definition of pedestrian way in § 346.02(8)(a) does not include sidewalks. Accordingly, we hold that §§ 32.015 and 61.34(3)(b) did not prohibit the Village from condemning Sojenhomer's property, and reverse the court of appeals' contrary decision.

I

¶4 The Village began focusing on the safety issues with County Highway G around 2015. Residents had voiced numerous concerns about the road, including that it was "too narrow" and lacked both adequate parking and "a safe place for pedestrians to walk."

¶5 In response to these complaints, the Village retained an engineering firm to study the problems and propose solutions. An engineer first summarized the issues, noting that the road had "no discernable ditches or storm sewer," which led to "on-street flooding during large rain events as well as icing issues

---

[1] All subsequent references to the Wisconsin Statutes are to the 2021-22 version unless otherwise indicated.

3

in the winter months." He also explained that there was "no continuous sidewalk for pedestrians," and that during the peak summer season, "the effective width of the roadway is narrowed due to parking on both sides of the roadway which further reduces the area available for pedestrians." This was particularly problematic since pedestrians often used County Highway G to access a nearby trail, and had to cross the road at a curve with limited visibility.

¶6 Together with the engineering firm, the Village developed a plan to address these safety concerns. The plan included adding storm sewers, buried utility lines, and new street lighting; limiting parking to the west side of the road; improving crosswalks; and adding a new sidewalk on the east side of the road where Sojenhomer's property sits. The Village planned to use its condemnation powers under Wis. Stat. §§ 32.05 and 61.34 to acquire the property necessary for the project, including .009 acres that belonged to Sojenhomer.[2] It is undisputed that the Village's sole reason for acquiring the .009 acres was to build a sidewalk at that location.

¶7 Sojenhomer operates the Shipwrecked Brew Pub and Restaurant (the dark structure on the right side of the photo below) on the property, and previously used the .009 acres for parking, as depicted here:

---

[2] The Village simultaneously sought to acquire a temporary limited easement over .071 acres of Sojenhomer's property for construction purposes. That temporary limited easement is not at issue in this case.

4



¶8    Sojenhomer   brought   suit   pursuant   to   Wis.   Stat.
§ 32.05(5),[3]   which   authorizes   a   landowner   to   challenge   a
municipality's   right   to   take   the   landowner's   property   "for   any
reason   other   than   that   the   amount   of   compensation   offered   is

---

[3] The court of appeals noted that even though Sojenhomer's complaint did not cite § 32.05(5), it "appear[ed] to fall under" that statute.  See Sojenhomer LLC v. Village of Egg Harbor, 2023 WI App 20, ¶9 n.2, 407 Wis. 2d 587, 990 N.W.2d 267.  In its briefing before this court, Sojenhomer confirms that this case is a "challenge of [a] taking under Wis. Stat. Sec. 32.05(5)."

inadequate."[4]  Id.; see also Christus Lutheran Church v. DOT, 2021 WI 30, ¶¶23-24, 396 Wis. 2d 302, 956 N.W.2d 837 (explaining that an action pursuant to § 32.05(5) may challenge a municipality's statutory authority to condemn the property).  In its complaint, Sojenhomer contended that the condemnation was prohibited by Wis. Stat. § 32.015, which bars the use of condemnation to acquire property to establish or extend "a pedestrian way . . . ."  See also Wis. Stat. § 61.34(3)(b) (imposing a similar restriction specifically on villages).  According to Sojenhomer, sidewalks are pedestrian ways, and as a result, the Village may not condemn its property to build a sidewalk.

¶9   The circuit court[5] granted summary judgment in the Village's favor.  As the circuit court explained, Sojenhomer's complaint depended on its central contention that sidewalks are

---

[4] The statutory process for condemnation differs depending on the reason the municipality wants to condemn the property. Here the parties agree that the Village was required to, and did, comply with the requirements of Wis. Stat. § 32.05, which applies when a village seeks to condemn property for "public alleys, streets, [or] highways . . . ."  Pursuant to the requirements of that section, the Village issued a relocation order, obtained an appraisal of Sojenhomer's property, provided that appraisal to Sojenhomer, and attempted to negotiate a sale. See § 32.05(1)(a), (2)(a)-(b), (2a).  After Sojenhomer obtained a competing appraisal, and the parties were unable to reach a negotiated sale of the property, the Village made a substantially higher jurisdictional offer pursuant to § 32.05(3).  Sojenhomer did not accept the jurisdictional offer, and instead brought this case.  See § 32.05(5).

[5] The Honorable David L. Weber of the Door County Circuit Court presided.

"pedestrian ways" as defined in Wis. Stat. § 346.02(8)(a). The circuit court rejected that contention, however, concluding that "no sidewalks are pedestrian ways and no pedestrian ways are sidewalks." That conclusion rested on two premises. First, that sidewalks are defined by Wis. Stat. § 340.01(58) as part of the roadway, and municipalities indisputably may condemn property to expand roads. See Wis. Stat. § 32.05. And second, that reading "pedestrian way" to include sidewalks would result in surplusage, since § 346.02(8)(a) and (b) refer to both sidewalks and pedestrian ways. Based on these premises, the circuit court held that "a sidewalk is not a pedestrian way," and thus that § 32.015 did not prohibit the Village from condemning Sojenhomer's property to build the sidewalk.

¶10 Sojenhomer appealed, and the court of appeals reversed. Like the circuit court, the court of appeals framed the central question as "whether a sidewalk is a 'pedestrian way' as that term is used in both Wis. Stat. §§ 32.015 and 61.34(3)(b)." Sojenhomer LLC v. Village of Egg Harbor, 2023 WI App 20, ¶25, 407 Wis. 2d 587, 990 N.W.2d 267. The court of appeals concluded that all sidewalks are pedestrian ways because they fall within the "broad" and "general definition" of pedestrian way: "[A] walk designated for the use of pedestrian travel." Id., ¶26; see also § 346.02(8)(a). Additionally, the court of appeals rejected the circuit court's concern that this interpretation would result in surplusage in § 346.02(8)(a) and (b), because "the term pedestrian ways is broader than the term sidewalks." Sojenhomer, 407 Wis. 2d 587, ¶30. For that reason,

7

the court of appeals concluded that these statutes' use of both the terms "pedestrian way" and "sidewalk" "still serves a necessary function even though the term 'pedestrian ways' includes sidewalks." Id.; see also id., ¶31. Therefore, the court of appeals reversed the circuit court's decision dismissing the case.

## II

¶11 This case involves statutory interpretation, which is a question of law that we review de novo. See, e.g., Clean Wis., Inc. v. DNR, 2021 WI 72, ¶10, 398 Wis. 2d 433, 961 N.W.2d 611. "When interpreting statutes, we start with the text, and if its meaning is plain on its face, we stop there." Id. We also consider the broader statutory context, interpreting language consistently with how it is used in closely related statutes. Id. In doing so, we "generally give words their common, everyday meaning, but we give legal terms of art their accepted legal meaning." State v. Kizer, 2022 WI 58, ¶6, 403 Wis. 2d 142, 976 N.W.2d 356 (quoting another source).

## III

¶12 The issue in this case is whether sidewalks are "pedestrian ways" as that term is defined in Wis. Stat. § 346.02(8)(a). If sidewalks are pedestrian ways, then the parties agree that Wis. Stat. §§ 32.015 and 61.34(3)(b) prohibited the Village from acquiring Sojenhomer's property to build one. That is because both §§ 32.015 and 61.34(3)(b)

8

prohibit the use of condemnation to acquire property to establish or extend "a pedestrian way,"[6] and it is undisputed that the reason the Village sought to acquire Sojenhomer's property was to build a sidewalk as part of its broader reconstruction of County Highway G. See §§ 32.015, 61.34(3)(b). If sidewalks are not pedestrian ways, however, the condemnation was permissible under the Village's general authority to condemn property for road projects. See Wis. Stat. § 61.34(3)(a) (stating that, except for the purpose of establishing or extending pedestrian ways, villages may acquire property by condemnation for public purposes, including roads, and that condemnation under that subsection "shall be as provided by ch. 32").

¶13 Sojenhomer argues that sidewalks are pedestrian ways. It asserts that the definition of "pedestrian way" in § 346.02(8)(a) is broad, and encompasses all "walk[s] designated for the use of pedestrian travel" including sidewalks, recreational trails, walking paths, and anything else designed for use by pedestrians, regardless of location.

---

[6] Section 32.015 states that "[p]roperty may not be acquired by condemnation to establish or extend . . . a pedestrian way, as defined in s. 346.02(8)(a)." Section 61.34(3)(b) states that village boards "may not use the power of condemnation to acquire property for the purpose of establishing or extending . . . a pedestrian way, as defined in s. 346.02(8)(a)." Neither party suggests that the slight differences in wording in these two sections (i.e. "to establish or extend" and "for the purpose of establishing or extending") is material.

¶14  The Village, however, urges a contextual reading of the definition of "pedestrian way," emphasizing how the rest of § 346.02(8) and related statutes indicate that sidewalks and pedestrian ways are two entirely distinct, non-overlapping categories.  Thus, the Village argues that the limitations on condemnation in §§ 32.015 and 61.34(3)(b) do not apply to sidewalks at all.

¶15  We agree with the Village.  The ordinary meaning of a statute is dictated by more than the literal meaning of a single phrase, read in isolation.  Rather, as we have emphasized before, statutes must be interpreted in their entirety, and in context.  See, e.g., Clean Wis., 398 Wis. 2d 433, ¶10. Following that directive, we first analyze the text of § 346.02(8) as a whole.  Then, we evaluate the statutory history and other related statutory provisions, before finally addressing the text of the limitations on condemnation contained in §§ 32.015 and 61.34(3)(b).  With the full statutory context in mind, we conclude that the definition of "pedestrian way" in § 346.02(8)(a), and the limitations on condemnation in §§ 32.015 and 61.34(3)(b), unambiguously exclude sidewalks.[7]  Accordingly,

---

[7] When a condemnation statute is ambiguous, we "strictly construe the condemnor's power . . . while liberally construing provisions favoring the landowner . . . ."  Waller v. Am. Transmission Co., LLC, 2013 WI 77, ¶72, 350 Wis. 2d 242, 833 N.W.2d 764 (quoting another source).  Because the statutes at issue are not ambiguous, we do not apply this principle of interpretation.  See DOJ v. DWD, 2015 WI 114, ¶32, 365 Wis. 2d 694, 875 N.W.2d 545 ("[A] provision can be construed 'liberally' as opposed to 'strictly' only when there is some ambiguity to construe." (quoting another source)).

we hold that §§ 32.015 and 61.34(3)(b) did not prohibit the Village from condemning Sojenhomer's property to build a sidewalk.

A

¶16  We begin with the full text of Wis. Stat. § 346.02(8), which provides:

> (8) Applicability to pedestrian ways
>
>> (a)  All of the applicable provisions of this chapter pertaining to highways, streets, alleys, roadways and sidewalks also apply to pedestrian ways.  A pedestrian way means a walk designated for the use of pedestrian travel.
>>
>> (b)  Public utilities may be installed either above or below a pedestrian way, and assessments may be made therefor as if such pedestrian way were a highway, street, alley, roadway or sidewalk.

¶17  To summarize, § 346.02(8) does three things.  First, it defines "pedestrian way" as "a walk designated for the use of pedestrian travel."  § 346.02(8)(a).  Second, it makes clear that all of the provisions of Wis. Stat. ch. 346 (titled "Rules of the Road") pertaining to highways, streets, alleys, roadways, and sidewalks also apply to pedestrian ways.  See id.  Third, and finally, it specifies that utilities may be installed above or below pedestrian ways, and assessments may be made for pedestrian ways, "as if" the pedestrian way were a sidewalk (or a highway, street, alley, or roadway).  § 346.02(8)(b).

¶18  Reading the text of this section as a whole, we find several indications that the definition of pedestrian way does

11

not include sidewalks. For starters, both § 346.02(8)(a) and (b) use the terms "sidewalk" and "pedestrian way" in ways that signify that each term has a separate, non-overlapping meaning. See Augsburger v. Homestead Mut. Ins. Co., 2014 WI 133, ¶17, 359 Wis. 2d 385, 856 N.W.2d 874 (explaining that when statutes use different terms "we generally consider each [term] separately and presume that different words have different meanings" (quoting another source)). Section 346.02(8)(b) states that pedestrian ways shall be treated "as if" they were sidewalks for utility installation and assessment purposes. The phrase "as if" signals that one category (pedestrian ways) should receive the same treatment as a different category (sidewalks). That is the same way the legislature used "as if" in, for example, Wis. Stat. § 53.03, which states that Wisconsin courts "may treat a foreign country as if it were a state" in guardianship proceedings.[8] See id. (emphasis added). Just as foreign

---

[8] In numerous other statutes, the legislature used the phrase "as if" in this same way. See, e.g., Wis. Stat. § 814.15 (specifying that non-party assignees of civil causes of action are liable for costs "in the same manner as if the [assignee] were a party"); Wis. Stat. § 66.1105(5)(bf) (providing that specified tax forms and applications filed before May 31, 1999 should be treated "as if the forms and application had been filed on or before December 31, 1997"); Wis. Stat. § 815.40(2) (stating that heirs, devisees, or grantees who receive title to a portion of a lot or parcel may be treated "as if" they received title to "the whole lot or parcel" in certain instances); Wis. Stat. § 645.63(1) (noting that one type of contingent insurance claim "shall be considered and allowed as if there were no such contingency"). Each time, the meaning is the same: Something outside a specified category should be treated as if it falls within that category.

12

countries are not states, but should be treated as if they were for guardianship purposes, pedestrian ways are not sidewalks, but should be treated as if they were for utility-installation and assessment purposes.

¶19 The language of § 346.02(8)(a) also suggests that sidewalks are not pedestrian ways. That paragraph makes the rules of the road pertaining to sidewalks also applicable to pedestrian ways. But if sidewalks are pedestrian ways, then the rules of the road applicable to sidewalks would already apply to pedestrian ways. The point here, to be clear, is not that reading the term "pedestrian way" to include sidewalks would result in surplusage. Although the court of appeals, the circuit court, and the parties all devoted substantial attention to whether the side-by-side references to sidewalks and pedestrian ways in § 346.02(8)(a) result in surplusage, we do not rely on the surplusage canon. See State v. Rector, 2023 WI 41, ¶19, 407 Wis. 2d 321, 990 N.W.2d 213 ("[S]tatuory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." (quoting another source)). Rather, we rely on the side-by-side references to sidewalks and pedestrian ways in § 346.02(8) simply because the text itself indicates that these terms have separate, non-overlapping meanings.

¶20 Additionally, interpreting the definition of "pedestrian way" to include all sidewalks requires us to read additional language into § 346.02(8)(a) and (b). If Sojenhomer were right, and sidewalks are pedestrian ways, then we have to

13

read § 346.02(8)(a) and (b) as follows, with the additional language underlined:

> a) All of the applicable provisions of this chapter pertaining to highways, streets, alleys, roadways and sidewalks also apply to pedestrian ways <u>that are not sidewalks</u>. A pedestrian way means a walk designated for the use of pedestrian travel.
>
> (b) Public utilities may be installed either above or below a pedestrian way, and assessments may be made therefor as if such pedestrian way <u>that is not a sidewalk</u> were a highway, street, alley, roadway or sidewalk.

As we have often said, we interpret the statutory language the legislature enacted, and will not read into a statute language that it does not contain or reasonably imply. See, e.g., State v. Hinkle, 2019 WI 96, ¶18, 389 Wis. 2d 1, 935 N.W.2d 271; State v. Fitzgerald, 2019 WI 69, ¶30, 387 Wis. 2d 384, 929 N.W.2d 165. When we interpret the words the legislature enacted, without adding any additional language, it is apparent that § 346.02(8)(a) and (b) simply clarify that a set of rules that would not otherwise apply to pedestrian ways (the rules of the road, utility-installation, and assessment provisions governing highways, streets, alleys, roadways, and sidewalks) are applicable.

B

¶21 Statutory history and the broader statutory context lend further support to our conclusion that sidewalks fall outside the definition of pedestrian way. The phrase "pedestrian way" first entered the statutes in 1949, when the

14

legislature adopted Wis. Stat. § 85.10(21)(g) (1949-50), and had the same definition as it does today: "[A] walk designated for the use of pedestrian travel." Id.[9] That same section, § 85.10 (1949-50), already contained a definition of "sidewalk": "That portion of a highway between the curb lines and the adjacent property lines, unless local authorities designate otherwise." Wis. Stat. § 85.10(24) (1949-50). This definition of sidewalk was subsequently modified to the one in force today, "that portion of a highway between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, constructed for use of pedestrians."[10] See Wis. Stat. § 340.01(58) (1957-58). As this history demonstrates, the legislature has always treated sidewalks and pedestrian ways as different things, with separate statutory definitions.

¶22 Additionally, this history shows that "sidewalk" has——from the beginning——been a term of art whose meaning differs dramatically from the ordinary meaning of that word. Although one might ordinarily think of a sidewalk as separate from the highway, street, or alley it adjoins, the statutes have long defined sidewalks as part of that adjoining highway or roadway.

---

[9] Additionally, the two other provisions relating to pedestrian ways in today's § 346.02(8)(a) and (b) also existed in substantially similar form in 1949.

[10] This modification clarified that sidewalks were not every portion of a highway between the curb lines and adjacent property lines, but only included such areas "constructed for use of pedestrians." See Wis. Stat. § 340.01(58) (1957-58); see also 1957 Senate Bill 99, explanatory note.

Compare Wis. Stat. § 340.01(58), with Merriam-Webster, Sidewalk, https://www.merriam-webster.com/dictionary/sidewalk ("[A] usually paved walk for pedestrians at the side of a street."). Both "highway" and "roadway" are defined terms as well, meaning "all public ways and thoroughfares and bridges on the same" and "that portion of a highway between the regularly established curb lines or that portion which is improved, designed or ordinarily used for vehicular travel, excluding the berm or shoulder." Wis. Stat. § 340.01(22), (54). Because these terms are statutorily defined, their ordinary, dictionary definitions are irrelevant. See Rector, 407 Wis. 2d 321, ¶10 ("In discerning plain meaning, we . . . give 'technical or specially-defined words or phrases' their 'technical or special definitional meaning.'" (quoting another source)).

¶23 The operative verbs in the separate statutory definitions of "pedestrian way" and "sidewalk" further demonstrate that these terms refer to different, distinct things. Pedestrian ways are "walk[s] designated for the use of pedestrian travel," while sidewalks are a portion of the adjoining highway or roadway "constructed for use of pedestrians." See §§ 346.02(8)(a), 340.01(58) (emphasis added). Whereas sidewalks are and always must be part of the adjoining highway, a pedestrian way may be created by designating a path or road as such. Indeed, the first time the legislature used the term pedestrian way (other than in § 85.10(21)(g) (1949-50)), it did so in this manner. In that statute, Wis. Stat. § 83.42(6) (1973-74), the legislature authorized county highway

16

committees (with the approval of the Department of Transportation's rustic roads board) to "[d]esignate a rustic road or portion thereof as a pedestrian way or bicycle way or both."  See also 1983 Wis. Act 55 (repealing § 83.42(6) (1981-82)).  This too suggests that pedestrian way refers to something narrower and more specific than all sidewalks.

¶24 If Sojenhomer's broad reading were nevertheless correct, then we might expect to find evidence of that expansive meaning in other statutes referring to pedestrian ways.  But in fact, the phrase "pedestrian way" was all but ignored by the legislature for decades after it was adopted.  Before 1973, the only place the statutes referenced pedestrian ways was in the statutes defining that term, § 346.02(8) (1971-72) and its predecessor, § 85.10(21)(g) (1949-50).  And between 1973 (when the rustic roads statute we just mentioned was adopted) and 2009,[11] the legislature used the phrase "pedestrian way" just

---

[11] In 2009, the legislature adopted Wis. Stat. § 84.01(35) (2009-10), which provided (subject to exceptions identified in rules promulgated by the Department of Transportation) that the Department "shall ensure that bikeways and pedestrian ways are established in all new highway construction and reconstruction projects funded in whole or in part from state funds or federal funds."  Section 84.01(35) was subsequently amended to require only that "the department . . . give due consideration to establishing bikeways and pedestrian ways in all new highway construction and reconstruction projects funded in whole or in part from state funds or federal funds."  § 84.01(35) (2021-22).

once. That reference, defining "skywalk" as "any elevated pedestrian way," occurred in an act creating a comprehensive statutory scheme authorizing first-class cities to establish pedestrian malls. See 1975 Wis. Act 255, § 2, codified at Wis. Stat. § 66.610(2)(o) (1975-76) ("'Skywalk' means any elevated pedestrian way."). Notably, the legislature did not use the phrase "pedestrian way" elsewhere in that same statutory scheme even when it would fit. For example, the legislature did not refer to pedestrian ways when it defined "pedestrian mall" to mean "any street, land or appurtenant fixture designed primarily for the movement, safety, convenience and enjoyment of pedestrians," even though a pedestrian mall would seemingly fall within Sojenhomer's broad reading of the definition of pedestrian way. See 1975 Wis. Act 255, § 2, codified at Wis. Stat. § 66.610(2)(l) (1975-76). The broader statutory history and context thus suggest that the legislature did not share Sojenhomer's broad understanding of the definition of pedestrian way.

---

This statute sheds little light on whether sidewalks are pedestrian ways. To be sure, it suggests there is some connection between pedestrian ways and highways. And highways can include sidewalks. See Wis. Stat. § 340.01(58). But this provision does not say whether a pedestrian way can be a part of a highway, let alone that sidewalks are a type of pedestrian way. Instead, it simply directs the Department to consider establishing pedestrian ways in the context of highway construction and reconstruction projects. See § 84.01(35).

18

C

¶25 Finally, we find it significant that the legislature chose to omit sidewalks from the limitations on condemnation in Wis. Stat. §§ 32.015 and 61.34(3)(b). These provisions both state that condemnation may not be used to acquire property to establish or extend "a recreational trail; a bicycle way, as defined in s. 340.01(5s); a bicycle lane, as defined in s. 340.01(5e); or a pedestrian way, as defined in s. 346.02(8)(a)." See §§ 32.015; 61.34(3)(b). This list is specific and, notably, identifies both bicycle lanes——which, like sidewalks, are statutorily defined as part of a highway or roadway, see Wis. Stat. § 340.01(5e)——and bicycle ways. In other words, by using both the terms "bicycle way" and "bicycle lane," the legislature made particularly clear in both §§ 32.015 and 61.34(3)(b) that establishing or expanding on-road or off-road bicycle access through condemnation was not permitted. But when it came to pedestrian access, the legislature used only the terms "recreational trail" and "pedestrian way," neither of which expressly include sidewalks or any other part of a highway or roadway. See Wis. Stat. § 340.01(58).

¶26 Sidewalks are not unusual or unfamiliar. Rather, they are a ubiquitous feature of road projects across the state. If the legislature wanted to prohibit the use of condemnation to build sidewalks anywhere in the state, then they could have done so clearly. And it would have been easy to do so, either by specifically referencing sidewalks in §§ 32.015 and 61.34(3)(b), or by adding them to the definition of pedestrian way in Wis.

19

Stat. § 346.02(8)(a). But they did not. Instead, they incorporated a seldom-used phrase, "pedestrian way," which context and history indicate does not include sidewalks. Given that, we conclude that the definition of "pedestrian way" in § 346.02(8)(a) does not include sidewalks, and accordingly hold that the limitations on condemnation in §§ 32.015 and 61.34(3)(b) did not prohibit the Village from condemning Sojenhomer's property to build a sidewalk.

*By the Court.*—the decision of the court of appeals is reversed.

¶27 ANNETTE KINGSLAND ZIEGLER, C.J. *(dissenting).* Wisconsin Statutes provide that a village may not acquire private property by condemnation to establish a "pedestrian way."[1] The Village of Egg Harbor ("Village") condemned part of Sojenhomer LLC's ("Sojenhomer") property to establish a sidewalk. Whether a sidewalk is a "pedestrian way" is the issue before our court. The trial court said "no." The court of appeals said "yes." I agree with the court of appeals.

¶28 I agree with the analysis of the court of appeals, which held that the Village improperly used the power of condemnation to acquire Sojenhomer's property to build a sidewalk. The plain language of the statute demonstrates that the term "pedestrian way" is broadly defined, and includes sidewalks. A sidewalk——that portion of the highway created for the travel of persons on foot——is clearly a subset of pedestrian ways——walks set apart or assigned for the use of pedestrian travel. It is a straightforward, common sense interpretation of the statutory language that a "walk designated for the use of pedestrian travel" necessarily includes that part of the highway "constructed for the use of pedestrians" and intended "for the use of persons on foot." The Village exceeded its condemnation authority when it acquired Sojenhomer's property through condemnation to construct a sidewalk. In other words, a closer look at the plain meaning of the statutes reveals that all sidewalks are pedestrian ways, but that not all pedestrian ways are sidewalks. As a result, the Village cannot condemn this

---

[1] Wis. Stat. § 32.015; Wis. Stat. § 61.34(3)(b).

property. I would affirm the decision of the court of appeals. Accordingly, I dissent.

I

¶29 It is undisputed that pursuant to its eminent domain authority, the Village condemned Sojenhomer's property to build a sidewalk as part of its plan to reconstruct portions of County Highway G. Sojenhomer brought suit against the Village, arguing that the Village violated Wis. Stat. § 32.015's and Wis. Stat. § 61.34(3)(b)'s prohibitions against villages using their condemnation powers for the purposes of establishing or extending a pedestrian way. Sojenhomer argues that the statutory definition of a pedestrian way is broad enough to include a sidewalk. Thus, as Sojenhomer argues, the Village violated the statute when it condemned and acquired his property to construct a sidewalk, as a sidewalk is a subset of a pedestrian way.

¶30 The Village argues that it took Sojenhomer's property to construct a sidewalk, not a pedestrian way, and so the taking was justified pursuant to their condemnation powers. In other words, the Village argues that the two terms have no overlap and a sidewalk is not a pedestrian way.

¶31 The parties filed cross-motions for summary judgment. The circuit court denied Sojenhomer's motion for summary judgment. The circuit court agreed with the Village that pedestrian ways and sidewalks are two distinct terms and granted the Village's summary judgment motion. In its accompanying order, the circuit court concluded that as a matter of law, the

2

Village did not exceed Wis. Stat. § 32.015's restrictions on its condemnation authority when the Village condemned Sojenhomer's property to, among other things, construct a sidewalk. The circuit court interpreted Wis. Stat. § 346.02(8)(a)'s "pedestrian way" as separate and distinct from its definition of a sidewalk, based at least in part on the fact that both terms appear in the statute, so the Legislature would have intended the terms to have different and distinct meanings to avoid surplusage. The circuit court treated pedestrian ways as separate and distinct from sidewalks.

¶32 Sojenhomer appealed. The court of appeals reversed the circuit court's grant of summary judgment to the Village. Agreeing with Sojenhomer, the court of appeals held the general definition of a pedestrian way in Wis. Stat. § 346.02(8)(a) is "broad" enough that a pedestrian way "plainly" includes sidewalks. Sojenhomer LLC v. Village of Egg Harbor, 2023 WI App 20, ¶2, 407 Wis. 2d 587, 990 N.W.2d 267. The court of appeals continued:

> As Sojenhomer correctly observes, the general definition of pedestrian way in Wis. Stat. 346.02(8)(a) is broader than the definition of a sidewalk because a pedestrian way can——but need not—— be adjacent to a roadway. In other words, the term pedestrian way includes both: (1) sidewalks——i.e., walks adjacent to a roadway for the use of pedestrian travel, see Wis. Stat. § 340.01(58); and (2) all other walks designated for pedestrian travel that are not adjacent to a roadway, such as a walking path through a parcel of property.

Id., ¶29.

¶33 The court of appeals determined that interpreting pedestrian ways in this way would not create surplusage in Wis.

3

Stat. § 346.02(8)(a). "Because the term pedestrian ways is broader than the term sidewalks, the inclusion of the term sidewalks in para. (a) makes the provisions pertaining to sidewalks in ch. 346 applicable to all pedestrian ways that are not sidewalks." Sojenhomer, 407 Wis. 2d 587, ¶30. The court of appeals also determined that interpreting pedestrian ways in this way would not create surplusage in Wis. Stat. § 346.02(8)(b) either. "[B]ecause the term pedestrian way is broader than the term sidewalk, the term sidewalk in para. (b) serves the purpose of permitting a pedestrian way that is not a sidewalk to be treated as if it were a sidewalk for assessment purposes." Id., ¶31. The court of appeals concluded that

> the two terms do not create surplusage in the statutes because each term has a textual function and neither term could be omitted without changing the meaning of those provisions.
>
> . . .
>
> Put differently, if the word "sidewalks" were omitted from para. (a), then the provisions pertaining to sidewalks in ch. 346 would not apply to pedestrian ways that are not sidewalks. Accordingly, the term "sidewalks" still serves a necessary function even though the term "pedestrian ways" includes sidewalks.
>
> . . .
>
> Of course, we recognize that there is some overlap in Wis. Stat. § 346.02(8) by interpreting the term pedestrian way to include sidewalks, but such overlap does not create surplusage or render any language meaningless.

Id., ¶¶3, 30, 32.

¶34 Hence, all sidewalks are a type of the broader defined pedestrian way. But not all pedestrian ways are sidewalks.

4

Accordingly, the court of appeals held that for purposes of interpreting and applying Wis. Stat. § 32.015 and Wis. Stat. § 61.34(3)(b), a sidewalk is a pedestrian way, so "the Village used the power of condemnation to establish a pedestrian way, in violation of [§ ]32.015 and [§ ]61.34(3)(b)." Id., ¶4.

¶35 The court of appeals also considered the Village's public safety concerns and concluded neither Wis. Stat. § 32.015 nor Wis. Stat. § 61.34(3)(b) "create any exceptions, much less an exception for safety concerns." Id., ¶46. Thus, the court of appeals reasoned that when the Village used its powers of condemnation to acquire Sojenhomer's property to construct a sidewalk, the Village violated § 32.015's and § 61.34(3)(b)'s prohibitions against a village acquiring property through its condemnation authority to establish or extend a pedestrian way.

¶36 Unlike my colleagues, I would affirm the decision of the court of appeals. Sound statutory construction principles dictate that a sidewalk is a pedestrian way, but a pedestrian way need not be limited to a sidewalk. It is the Legislature

5

that legislates policy choices, not the court.[2]  So, we must analyze the plain language of the statutes to find the statute's plain meaning.

## II

¶37 This case requires us to interpret and consider the term "pedestrian way" in Wis. Stat. § 32.015 (and its corollary Wis. Stat. § 61.34(3)(b)).[3]  More specifically, if a "sidewalk" is a "pedestrian way," then the Village is statutorily forbidden from seizing Sojenhomer's private property via condemnation in order to construct a sidewalk.  If a "sidewalk" is not a

---

[2] "Judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute." State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110.  "In construing or interpreting a statute the court is not at liberty to disregard the plain, clear words of the statute." Id., ¶46 (quoting State v. Pratt, 36 Wis. 2d 312, 317, 153 N.W.2d 18 (1967)).  "We assume that the legislature's intent is expressed in the statutory language." Id., ¶44.  We assume this because "[i]t is the enacted law, not the unenacted intent, that is binding on the public." Id.; see also Antonin Scalia, A Matter of Interpretation 17 (1997) ("It is the law that governs, not the intent of the lawgiver . . . . Men may intend what they will; but it is only the laws that they enact which bind us.").  "Therefore, the purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." Kalal, 271 Wis. 2d 633, ¶44.

[3] See Wis. Stat. § 32.015 ("Property may not be acquired by condemnation to establish or extend a recreational trail; a bicycle way, as defined in s. 340.01(5s); a bicycle lane, as defined in s. 340.01(5e); or a pedestrian way, as defined in s. 346.02(8)(a).");  Wis. Stat. § 61.34(3)(b) ("The village board may not use the power of condemnation to acquire property for the purpose of establishing or extending a recreational trail; a bicycle way, as defined in s. 340.01(5s); a bicycle lane, as defined in s. 340.01(5e); or a pedestrian way, as defined in s. 346.02(8)(a).").

6

pedestrian way, then the Village is within its right to seize private property to construct or expand an existing roadway.

¶38 "[S]tatutory interpretation begins with the language of the statute." State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (internal quotation marks omitted). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." Id.; Bruno v. Milwaukee Cnty., 2003 WI 28, ¶8, 260 Wis. 2d 633, 660 N.W.2d 656 ("We have long recognized that when a court construes . . . [a] statute, words must be given their common meaning.'"). "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole . . . and reasonably, to avoid absurd or unreasonable results." Kalal, 271 Wis. 2d 633, ¶46. "Statutory language is read where possible to give effect to every word, in order to avoid surplusage." Id.; see also State v. Martin, 162 Wis. 2d 883, 894, 470 N.W.2d 900 (1991); Bruno, 260 Wis. 2d 633, ¶24; Crown Castle USA, Inc., v. Orion Constr. Grp. LLC, 2012 WI 29, ¶13, 339 Wis. 2d 252, 811 N.W.2d 332. In determining meaning, "the context and structure of the statute[s] are important, and we interpret the statute[s] in light of 'surrounding or closely-related statutes.'" Masri v. LIRC, 2014 WI 81, ¶30, 356 Wis. 2d 405, 850 N.W.2d 298 (quoting Kalal, 271 Wis. 2d 633, ¶46); see also Aero Auto Parts, Inc. v. DOT, 78 Wis. 2d 235, 239, 253 N.W.2d 896 (1977) (citation omitted) ("A statutory

7

subsection may not be considered in a vacuum, but must be considered in reference to the statute as a whole and in reference to statutes dealing with the same general subject matter.); Brey v. State Farm Mut. Auto. Ins. Co., 2022 WI 7, ¶11, 400 Wis. 2d 417, 970 N.W.2d 1 ("A statute's context and structure are critical to a proper plain-meaning analysis.")

¶39 "'If this process of ascertainment yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning.'" Kalal, 271 Wis. 2d 633, ¶46 (quoting Bruno, 260 Wis. 2d 633, ¶20). If the meaning of the statute is plain, we ordinarily stop the inquiry. Id., ¶45. "Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history." Id., ¶46. "[A] statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses." Id., ¶47. The test is reasonableness: whether, in examining the language of the statute, "'well-informed persons should have become confused,' that is, whether the statutory . . . language reasonably gives rise to different meanings." Id. (quoting Bruno, 260 Wis. 2d 633, ¶21) (emphases in original). Thus, conducting a statutory interpretation analysis "involves the ascertainment of meaning, not a search for ambiguity." Id.

¶40 Canons of statutory construction, like dictionaries, aid courts in determining the common and approved usage of words in the statute to ascertain their plain meaning. Swatek v.

8

Cnty. of Dane, 192 Wis. 2d 47, 61, 531 N.W.2d 45 (1995); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 140 (2012) ("Grammar Canon") ("Words are to be given the meaning that proper grammar and usage would assign them."); Scalia & Garner, supra at 56 ("Supremacy of Text Principle") ("Of course, words are given meaning by their context, and context includes the purpose of the text."); see also Scalia & Garner, supra at 167 ("The Whole Text Canon") ("Context is a primary determinant of meaning.").

¶41 Let's take a closer look at the statutory text. Wisconsin Stat. § 32.015 limits a village's power of condemnation and states:

> Property may not be acquired by condemnation to establish or extend a recreational trail; a bicycle way, as defined in s. 340.01(5s); a bicycle lane, as defined in s. 340.01(5e); or a pedestrian way, as defined in s. 346.02(8)(a).

(Emphasis added.)

¶42 Wisconsin Stat. § 61.34 echoes the same limitation on a village's condemnation power and addresses powers of village boards. This statute contains "express language"[4] which limits a village's condemnation power:

> The village board may not use the power of condemnation to acquire property for the purpose of establishing or extending a recreational trail; a bicycle way, as defined in s. 340.01(5s); a bicycle lane, as defined in s. 340.01(5e); or a pedestrian way, as defined in s. 346.02(8)(a).

---

[4] See Wis. Stat. § 61.34(1) ("The powers hereby conferred shall be in addition to all other grants and shall be limited only by express language.").

9

§ 61.34(3)(b) (emphasis added).

¶43 The crux of the issue is whether a sidewalk is a pedestrian way. Both Wis. Stat. § 32.015 and Wis. Stat. § 61.34 note that the term "pedestrian way" is defined in Wis. Stat. § 346.02(8)(a). We look next to the language of § 346.02(8), "Applicability to Pedestrian Ways," which provides:

> (a) All of the applicable provisions of this chapter pertaining to highways, streets, alleys, roadways and sidewalks also apply to pedestrian ways. <u>A pedestrian way means a walk designated for the use of pedestrian travel</u>.
>
> (b) Public utilities may be installed either above or below a pedestrian way, and assessments may be made therefor as if such pedestrian way were a highway, street, alley, roadway or sidewalk.

(Emphasis added).

¶44 Under a straightforward reading of the plain text of Wis. Stat. § 346.02(8), sidewalks are a subset of pedestrian ways. A "pedestrian way" is statutorily defined as a walk designated for the use of pedestrian travel. Dictionaries from the time of § 346.08(a)'s adoption[5] define a "walk" as:

> A place laid out or set apart for walking, or resorted to by those who walk; a path, avenue, sidewalk, or promenade for pedestrians.
>
> A place prepared or set apart for walking; a way for foot-passengers at the side of a street or road, or a sidewalk; a public promenade.
>
> A place designed for walking; a path specially arranged or paved for walking; as a graveled walk in a

---

[5] The term "pedestrian way" first appeared in 1949, in Wis. Stat. § 85.10(21)(g). See 1949 Wis. Act 135, Laws of 1949. It was later renumbered, but the substance of the law has remained the same.

garden; sometimes, a sidewalk; an avenue for promenading, a promenade.

Walk, <u>Funk & Wagnalls New Standard Dictionary of the English Language</u> (Medallion ed. 1940) 2671; walk, <u>The New Century Dictionary of the English Language</u> 2168-69 (1952); walk, <u>Webster's Second New Int'l Dictionary of the English Language</u> 2867 (unabr. 1934). "Designated" means "to mark or point out; appoint; assign; set apart." Designate, <u>The New Century Dictionary of the English Language</u> 405 (1952); <u>see also</u> designate, <u>Funk & Wagnalls New Standard Dictionary of the English Language</u> 688 (Medallion ed. 1940) ("[t]o mark out or name for a specific purpose"); designate, <u>Webster's Second New Int'l Dictionary of the English Language</u> 708 (unabr. 1934) ("[t]o indicate or set apart for a purpose or duty."). Finally, "pedestrian" means "characterized by or connected with walking; of or belonging to movement on foot." Pedestrian, <u>Funk & Wagnalls New Standard Dictionary of the English Language</u> 1821 (Medallion ed. 1940); <u>see also</u> pedestrian, <u>Webster's Second New Int'l Dictionary of the English Language</u> 1802-03 (unabr. 1934) ("[o]f, or pertaining to, walking"); pedestrian, <u>The New Century Dictionary of the English Language</u> 1269-70 (1952) ("[g]oing or performed on foot; walking; pertaining to walking").

¶45 A sidewalk is evidently "a place laid out or set apart or designed for walking," a "way for foot-passengers at the side of a street or road," and "a path specially arranged or paved for walking." This understanding is reflected in the statutory definition of a sidewalk. "'Sidewalk' means that portion of a highway between the curb lines, or the lateral lines of a

11

roadway, and the adjacent property lines, constructed for use of pedestrians." Wis. Stat. § 340.01(58). Wisconsin Stat. § 66.0907(1) ("Sidewalks") further defines a sidewalk by its location and its purpose. A sidewalk is located "on either or both sides of the street" and "for the use of persons on foot." Reiterating a sidewalk's purpose again, § 66.0907(1) states, "The sidewalk shall be kept clear for the use of persons on foot." See also sidewalk, Webster's Third New Int'l Dictionary (unabr. 1993) (defining "sidewalk" as "a walk for foot passengers usu[ally] at the side of a street or roadway").

¶46 Thus, a sidewalk——that portion of the highway created for the travel of persons on foot——is clearly a subset of pedestrian ways——walks set apart or assigned for the use of pedestrian travel. It is a straightforward, common sense interpretation of the statutory language that a "walk designated for the use of pedestrian travel" necessarily includes that part of the highway "constructed for the use of pedestrians" and intended "for the use of persons on foot."

¶47 Furthermore, this plain meaning analysis yields the understanding that all sidewalks are pedestrian ways, but not all pedestrian ways are sidewalks. The statute defining a pedestrian way is broad, placing no limitations on where such a "walk designated for the use of pedestrian travel" may be located. It includes walks designated for the use of pedestrian travel whether or not that pedestrian way is located within a highway, or whether it is a skywalk,[6] or a walking path in a

_____

[6] Wis. Stat. § 62.71(2)(o) ("'Skywalk'" means any elevated pedestrian way.").

12

public park not adjacent to the highway. In contradistinction, sidewalks are narrowly defined and constrained by their location. Sidewalks are that "portion of a highway between the curb lines, or the lateral lines of a roadway, and the adjacent property line . . . ." Wis. Stat. § 340.01(58). All sidewalks then are pedestrian ways. But pedestrian ways, which are not located within the highway right-of-way, like skyways or walking paths, are not sidewalks.

¶48 I return to the crux of the issue. A closer look at the plain meaning of the statutes reveals that all sidewalks are pedestrian ways, but that not all pedestrian ways are sidewalks. Because all sidewalks are pedestrian ways, the Village is statutorily forbidden from seizing Sojenhomer's private property via condemnation in order to construct a sidewalk.

III

¶49 The majority appears to concede that the statutory definition of a pedestrian way, "a walk designated for the use of pedestrian travel," Wis. Stat. § 346.02(8), would include sidewalks if not for "context."[7] The majority skips right over the plain language of the statutes and their common sense

_____

[7] See majority op., ¶3 ("When read in context, the definition of pedestrian way in § 346.02(8)(a) does not include sidewalks."); id., ¶15 ("The ordinary meaning of a statute is dictated by more than the literal meaning of a single phrase, read in isolation.") The Village also appears to have made this concession, that the statutorily defined term "pedestrian way" would normally include sidewalks, requesting this court hold "the term 'pedestrian way' is not [a] broad term meant to encompass all walks designated for pedestrian travel . . . ." Elsewhere, the Village asserts "[s]idewalks[] . . . are designed solely for the purpose of pedestrian travel."

13

interpretation. Instead, the majority fixates on invented context. But the context it invents does not alter the common sense conclusion that the statutory definitions lead to: Sidewalks are pedestrian ways. The majority, starting at the wrong location, unsurprisingly arrives at the wrong destination.

¶50 The meaning of these statutes is plain and unambiguous. Sidewalks are pedestrian ways. And, as it should, our interpretation of these statutes "involves the ascertainment of meaning, not a search for ambiguity." Bruno, 260 Wis. 2d 633, ¶25. But, citing to Wis. Stat. § 346.02(8)(a), the majority rejects this plain meaning of the text. In its stead, the majority inserts its invented contextual meaning.

¶51 Both Wis. Stat. § 32.015 and Wis. Stat. § 61.34(3)(b) use "pedestrian way" which is defined in Wis. Stat. § 346.02(8)(a). Section 346.02(8)(a) broadly defines a "pedestrian way" as "a walk designated for the use of pedestrian travel." As the court of appeals rightly pointed out, "This plain language is both simple and broad"; it simply defines a pedestrian way, while not "plac[ing] any limitations on where such 'a walk' for 'pedestrian travel' might be located." Sojenhomer, 407 Wis. 2d 587, ¶26.

¶52 Where a sidewalk is intended for the use of persons or pedestrians traveling on foot, a pedestrian way is "a walk designated for the use of pedestrian travel." Wis. Stat. § 346.02(8)(a). While at first blush these definitions might

14

seem distinct, a thorough examination of the statutes reveals that these definitions meaningfully coexist statutorily.

¶53 The majority nonetheless adopts the Village's argument that a sidewalk and a pedestrian way must be two distinct, non-overlapping or nested terms because sidewalk and pedestrian way are listed independently, in close proximity, and in separate subsections of Wis. Stat. § 346.02(8). It rather simply concludes that because the two terms are listed independently, then they must be intended to be interpreted differently and can have no commonality nor overlapping meaning.[8] Majority op., ¶¶18-19.

¶54 While we interpret statutes so as to avoid surplusage,[9] when ascertaining statutory meaning, "surplusage is not to be

---

[8] The majority explicitly states it is not relying on the surplusage canon, as the lower courts did, in interpreting sidewalks and pedestrian ways to have "separate, non-overlapping meanings." Majority op., ¶19. However, the majority nonetheless appears to be implicitly relying on the surplusage canon. The majority argues that in interpreting Wis. Stat. § 346.02(8)(a) and (b), if "sidewalks are pedestrian ways, then the rules of the road applicable to sidewalks would already apply to pedestrian ways" which would render language in para. (a) duplicative and unnecessary. Id. Presumably to avoid this duplicative result, the majority argues the terms "pedestrian way" and "sidewalk" must be absolutely distinct from each other. It is difficult to see how this argument does not reflect at least an implicit reliance on the surplusage canon. See Kalal, 271 Wis. 2d 633, ¶46 ("Statutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." (quoting another source)); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (2012) ("Surplusage canon") ("If possible, every word and every provision is to be given effect. None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.").

[9] See Kalal, 271 Wis. 2d 633, ¶46; Bruno v. Milwaukee Cnty., 2003 WI 28, ¶24, 260 Wis. 2d 633, 660 N.W.2d 656.

15

assumed merely because the legislature has used a broad term." Tetra Tech EC, Inc. v. DOR, 2018 WI 75, ¶150, 382 Wis. 2d 496, 914 N.W.2d 21 (Ziegler, J., concurring). This is especially so where statutorily-provided definitions overlap because one statutorily-defined term (pedestrian way) is broadly defined, while the other statutorily-defined term (sidewalk) is more narrowly defined. See id., ¶149 (Ziegler, J., concurring) (determining that it "may not be possible to avoid complete overlap" among statutorily-defined terms where "the ordinary meaning" of one of them "is so broad"). Sometimes the legislature, as here, "deliberately paints with a very broad . . . brush." Georgina G. v. Terry M., 184 Wis. 2d 492, 540, 516 N.W.2d 678 (1994) (Bablitch, J., dissenting).

¶55 I acknowledge that Wis. Stat. § 346.02(8) employs both the term "sidewalk" and the term "pedestrian way" in two separate sentences, in close proximity. And under some circumstances, these things might suggest that the terms have wholly distinct meanings. But a logical answer exists to this assumption: A sidewalk is always a pedestrian way, but the term "pedestrian way" is broader than solely being a sidewalk.[10]

---

[10] An even closer inspection of the statutes also supports the interpretation I adopt. Consider that Wis. Stat. § 346.02(8)(a) provides "[a]ll of the applicable provisions of [Wis. Stat. ch. 346] pertaining to highways, streets, alleys, roadways and sidewalks also apply to pedestrian ways." Thus, under para. (a), provisions pertaining to sidewalks in ch. 346 also apply to all pedestrian ways. Because the term pedestrian ways is broader than the term sidewalks, the inclusion of the term sidewalks in para. (a) makes the provisions pertaining to sidewalks in ch. 346 applicable to all pedestrian ways that are not sidewalks. Put differently, if the word "sidewalks" was omitted from para. (a), then the provisions pertaining to

¶56 The majority also surmises that the "as if" language in Wis. Stat. § 346.02(8)(b) supports its conclusion that a sidewalk and pedestrian way are entirely distinct concepts. It opines that a sidewalk——statutorily defined as that portion of the highway constructed for use of pedestrians——and a pedestrian way——statutorily defined as a walk designated for the use of pedestrian travel——are distinct because of the statutory language "as if." The majority relies on § 346.02(8)(b), which states, "Public utilities may be installed either above or below a pedestrian way, and assessments may be made therefore <u>as if</u> <u>such pedestrian way that is not a sidewalk were a highway,</u> <u>street, alley, roadway or sidewalk</u>" (emphasis added). According to the majority, if a pedestrian way could be treated "as if" it was a sidewalk, then a pedestrian way cannot be understood to include a sidewalk: the one term is entirely separate and distinct from the other. Majority op., ¶18. This is because "[t]he ordinary meaning of a statute is dictated by more than the literal meaning of a single phrase, read in isolation."

---

sidewalks in ch. 346 would not apply to pedestrian ways that are not sidewalks. <u>Sojenhomer LLC v. Village of Egg Harbor</u>, 2023 WI App 20, ¶30, 407 Wis. 2d 587, 990 N.W.2d 267. Accordingly, under this statute, the term "sidewalks" still serves a necessary function even though the term "pedestrian ways" includes sidewalks.

Like para. (a), the term sidewalk in para. (b) could not be omitted without changing the meaning of the statutory language. So, neither sidewalk nor pedestrian way lose their individuality under my statutory interpretation analysis. Each maintains its individual purpose, because while all sidewalks are pedestrian ways, not all pedestrian ways are sidewalks. The statutory meaning is plain.

Id., ¶15. But then the majority proceeds to do what it decries. It reads a single phrase——"as if"——in isolation, rather than in context. It is more sensible to conclude that sometimes a pedestrian way is not a sidewalk and the "as if" language recognizes this fact. With this reading, the statute has meaning.[11]

¶57 The majority argues that if sidewalks are pedestrian ways, then we have to read the additional language "that are not sidewalks" into Wis. Stat. § 346.02(8)(a) and (b). Majority op., ¶20. According to the majority, § 346.02(8)(a) and (b) would then be read to include the underlined language:

(a) All of the applicable provisions of this chapter pertaining to highways, streets, alleys, roadways and sidewalks also apply to pedestrian ways that are not sidewalks. A pedestrian way means a walk designated for the use of pedestrian travel.

(b) Public utilities may be installed either above or below a pedestrian way, and assessments may be made therefor as if such pedestrian way that is not a sidewalk were a highway, street, alley, roadway or sidewalk.

Majority op., ¶20. But understanding sidewalks are pedestrian ways does not "read additional language into § 346.02(8)(a) and (b)." The plain text defines a pedestrian way as being broader than solely sidewalks, but all sidewalks are pedestrian ways. So, by definition, it is understood that a pedestrian way

---

[11] The majority's framing of the "as if" modifier "torture[s] ordinary words until they confess to ambiguity." W. States Ins. Co. v. Wis. Wholesale Tire, Inc., 184 F.3d 699, 702 (7th Cir. 1999). And we know that "[s]tatutory interpretation involves the ascertainment of meaning, not a search for ambiguity." Bruno, 260 Wis. 2d 633, ¶25.

18

contains all sidewalks but also non-sidewalks. Thus, when the statute says that pedestrian ways may be treated "as if" they are sidewalks, the words "pedestrian ways that are not sidewalks" have not been added. Rather, it is simply what the text reasonably implies.

¶58 The court of appeals agreed with Sojenhomer's observation that:

> [T]he general definition of pedestrian way in Wis. Stat. § 346.02(8)(a) is broader than the definition of a sidewalk because a pedestrian way can——but need not——be adjacent to a roadway. In other words, the term pedestrian way includes both: (1) sidewalks—— i.e., walks adjacent to a roadway for the use of pedestrian travel, see Wis. Stat. § 340.01(58); and (2) all other walks designated for pedestrian travel that are not adjacent to a roadway, such as a walking path through a parcel of property.

Sojenhomer, 407 Wis. 2d 587, ¶29. Thus, interpreting the term "pedestrian way" to include a "sidewalk" does not require reading words into the text. In fact, the majority's attack can be turned around on itself. It could be said the majority's interpretation reads words into the statute: "A pedestrian way means a walk designated for the use of pedestrian travel, excluding sidewalks."

¶59 This interpretation, that sometimes a pedestrian way is a sidewalk, forecloses the majority's concern that the legislature "chose to omit sidewalks from the limitations on condemnation in Wis. Stat. §§ 32.015 and 61.34(3)(b)" even though the term is "not unusual or unfamiliar." Majority op., ¶26. First, this concern has no bearing on the question presented in this case, whether sidewalks are pedestrian ways.

19

Second, the statutory limitations on the use of condemned property include, among other things, a pedestrian way. Since these statutes are understood to broadly define pedestrian ways as including all sidewalks, the legislature necessarily also expressly limited village boards' condemnation powers to acquire property to construct a sidewalk when it expressly limited the village boards' condemnation powers to acquire property to construct a pedestrian way.[12] The fact that the term "sidewalk" does not appear in the condemnation statutes is tangential: "sidewalks" are already incorporated by reference in Wis. Stat. § 32.015 and Wis. Stat. § 61.34(3)(b) through the term "pedestrian way."

¶60 The majority concludes "that the definition of 'pedestrian way' in [Wis. Stat.] § 346.02(8)(a), and the limitations on condemnation" in Wis. Stat. § 32.015 and Wis. Stat. § 61.34(3)(b), "unambiguously exclude sidewalks." Majority op., ¶15. The majority's conclusion is incorrect. Section 32.015, and its corollary section 61.34(3)(b), limits condemnation powers from being used to establish or extend a pedestrian way, and pedestrian ways include all sidewalks. Section 32.015 also limits condemnation powers from being used to establish or extend a bicycle way. A bicycle way is defined

---

[12] The majority's reliance on statutory history likewise fails at this juncture. Majority op., ¶¶21-23. Even assuming the majority is correct that the statutory history shows that sidewalks and pedestrian ways have been defined separately, all that would prove is that the terms have been defined separately. It would not prove that sidewalks and pedestrian ways do not have overlapping meanings such that sidewalks are a type of pedestrian way.

as "any path or <u>sidewalk</u> or portion thereof designated for the use of bicycles, electric scooters, and electric personal assistive mobility devices by the governing body of any city, town, village, or county." Wis. Stat. § 340.01(5s) (emphasis added). Accordingly, the condemnation statutes limit the Village's condemnation of Sojenhomer's property to build a sidewalk under any reading of the statute. Given that pedestrian ways already include sidewalks, had sidewalks been listed in the statute it would have been redundant.[13]

¶61 The majority also claims the term pedestrian way "refers to something narrower and more specific than all sidewalks." Majority op., ¶23. The majority makes its unfounded claim without ever having established or defined what a pedestrian way is. Had the majority conducted a plain meaning analysis on the statutory text, it would have concluded that the opposite is, in fact, true. Pedestrian ways are broadly

---

[13] These condemnation statutes together demonstrate that while a village's powers are often broad——including, among other things, the power to manage village property, highways, streets, and the power to act for public health, safety, and welfare——that power is not limitless. But the majority repeatedly references the Village's public safety concerns as a basis for seizing Sojenhomer's property, seemingly justifying the Village's violation of the statutes limiting their condemnation power. While Wis. Stat. § 61.34(1) recognizes the broad powers village boards may have to govern, including power to act on behalf of public safety, the statute also says these broad powers are conferred "[e]xcept as otherwise provided by law" and "[t]he powers . . . shall be limited only by express language." The statutes, by "express language," § 61.34(1), limit a village's power to condemn and acquire property. No such exception for public safety concerns exists in either statute.

21

defined, such that all sidewalks are pedestrian ways, but not all pedestrian ways are sidewalks.[14]

¶62 In sum, a pedestrian way is defined as a "walk designated for the use of pedestrian travel." Wis. Stat. § 346.02(8)(a). A sidewalk is more narrowly defined as "that portion of a highway . . . constructed for use of pedestrians" and "for the use of persons on foot." Wis. Stat. § 340.01(58); Wis. Stat. § 66.0907(1). Were the majority correct, then a sidewalk could never be a walk designated for pedestrian travel. This strained interpretation is untethered from the plain meaning of the statutory language.

¶63 Conducting a plain meaning analysis on the language of these varied statutes reveals that this statutory scheme is unambiguous and there is no surplusage under my interpretation of the statutes. Simply, Wis. Stat. § 32.015 and Wis. Stat. § 61.34(3)(b) limit a village's ability to use its condemnation powers to acquire property to establish or extend a pedestrian way. A sidewalk is a pedestrian way. I conclude that these statutes are internally consistent and comport with common sense as sidewalks are included within the term "pedestrian ways," but not all pedestrian ways are sidewalks. Because the statute is

---

[14] In another place, the majority infers that since the legislature has rarely used the term "pedestrian way" after first placing it in the statutes, the legislature likely intended pedestrian way to have a narrow meaning. Majority op., ¶¶23-24. This too, fails to disprove that pedestrian ways are not broadly defined so as to include all sidewalks. The opposite inference can likewise be made: The legislature rarely used the term after its initial use because the term is broadly defined.

22

neither ambiguous nor is there surplusage, we do not need to consult extrinsic sources to confirm statutory meaning.  Thus, a sidewalk is a pedestrian way for purposes of applying the limitation of § 32.015, and the Village is precluded from obtaining this property through condemnation.

¶64 As an aside, the Village was likely not without recourse.  It could potentially obtain property through other means, including paying the landowner a fair price.  What the Village could not do was use its power of condemnation to acquire Sojenhomer's property to construct a sidewalk.

IV

¶65 In condemning and acquiring Sojenhomer's property for the purpose of constructing a sidewalk, the Village violated Wis. Stat. § 32.015's and Wis. Stat. § 61.34(3)(b)'s express limitations on its condemnation power.

¶66 For the foregoing reasons, I respectfully dissent.

¶67 I am authorized to state that Justices REBECCA GRASSL BRADLEY and BRIAN HAGEDORN join this dissent.

23